430 So.2d 161 (1983)
STATE of Louisiana, Appellee,
v.
Judi CRUZ, Appellant.
No. 15253-KA.
Court of Appeal of Louisiana, Second Circuit.
March 28, 1983.
*162 N. Graves Thomas, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Baton Rouge, Henry N. Brown, Jr., Dist. Atty., James M. Bullers, A.L. Blondeau, Asst. Dist. Attys., Benton, for appellee.
Before PRICE, HALL and NORRIS, JJ.
HALL, Judge.
The defendant, Judi Cruz, was charged by bill of information with distribution of cocaine, a Schedule II controlled dangerous substance, in violation of LSA-R.S. 40:967 A. The defendant pled guilty and after a sentencing hearing was sentenced to five years imprisonment at hard labor. Defendant appealed, her sole assignment of error being the excessiveness of the sentence imposed.
The sentence imposed was the minimum sentence in terms of length of imprisonment permissible under the statute. Accordingly, defendant's assignment of error is not directed to the length of the sentence but is directed to the alleged failure of the district court to accord weight in its determination of suspension of sentence or probation to the factors listed in LSA-C.Cr.P. Art. 894.1 B and to state for the record the considerations taken into account and the factual basis therefor in imposing sentence as required by Article 894.1 C, and an alleged abuse of discretion of the district court in failing to suspend the sentence and place the defendant on probation as allowed by Article 893. The state argues, as found by the district court, that imprisonment is justified by the seriousness of the offense and that a lesser sentence would deprecate the seriousness of the defendant's crime, a factor justifying imprisonment under Article 894.1 A(3).
After being contacted several times by a Bossier City undercover narcotics officer, the defendant, on October 29, 1981, sold to the officer one gram of cocaine for a price of $125. She was arrested in December 1981, pled guilty in March 1982, and was sentenced in September 1982.
In imposing sentence the district court had the benefit of defendant's testimony at a sentencing hearing and a presentence investigation report.
The defendant is 26 years old, divorced, and has a five-year-old son. She was raised by her mother and father, moving from place to place with them while the father followed his occupation as a contract engineer for the telephone company. Defendant left school after the 10th grade, married, and divorced about four years later after having the one child. She has worked as a draftsperson and secretary for the telephone company. At the time or about the time she was arrested she was working as a bartender in a motel lounge, but was unemployed for most of the several months since she returned to the Shreveport area. At the time she committed the offense she was living in an apartment with her young son and two male friends.
According to the defendant she was introduced to cocaine by some friends a couple of months prior to the time she sold cocaine to the undercover agent. She became "hooked" on the drug and began making sales to persons she knew when they asked for it, making a total of about 10 sales up to the time she was arrested. She testified that she had also bought and sold a pound of marijuana and that her drug dealings were done primarily to support her cocaine habit and because she could not find regular work.
At the time of the sentencing hearing the defendant's parents had moved to California and were temporarily caring for her young son.
*163 The defendant has no prior criminal record.
In imposing sentence the district court noted most of the facts mentioned above. The court noted that the main reason the defendant committed the offense was because she needed the money. The court noted that the manner in which defendant handled the sale of the drug indicated to the court that she was knowledgeable in the trafficking of cocaine, and the court noted that marijuana had also been distributed from defendant's residence. The court noted that defendant had sold drugs for a profit and was active in the trafficking of drugs. The court distinguished her case from a case where an offender is having his first brush with drugs or drug distribution. The court acknowledged that the law does not require the minimum sentence to be without benefit of suspension of sentence or probation but the court was of the opinion this case is not one where probation or suspension of sentence is in order. The court was of the opinion that to do less than impose the minimum imprisonment of five years would deprecate the seriousness of the offense.
Article 1, § 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. The imposition of a sentence although within statutory limits may be violative of a defendant's constitutional rights against excessive punishment and subject to rectification on appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). The statutory criteria legislatively provided by Code of Criminal Procedure Art. 894.1 are appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives. State v. Sepulvado, supra. A sentence must be individualized to be compatible with the offender as well as the offense. In deciding whether to confine a defendant or to grant him probation the judge must consider the Article 894.1 factors. His considerations should be based upon factual determinations. For example, he should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. State v. Jackson, 360 So.2d 842 (La.1978). However, the trial judge is given wide discretion in imposing sentences within the statutory limits, and any sentence so imposed should not be set aside as excessive in the absence of an abuse of his discretion. State v. Forshee, 395 So.2d 742 (La.1981).
Contrary to defendant's argument on appeal, the considerations taken into account and the factual basis therefor were adequately stated for the record by the court in imposing sentence. The court noted most of the factors which mitigated in favor of probation or suspension of sentence, but further noted that the defendant was engaged in drug trafficking for a profit, and the court plainly considered the seriousness of the offense as overriding the mitigating factors and as calling for imposition of the minimum term of imprisonment.
Defendant emphasizes the mitigating factors, i.e., defendant got hooked on cocaine after being introduced to it by friends, she was only involved with the drug for a couple of months prior to the charged offense, she sold only to acquaintances who asked her for it, she sold to support her own habit, the charge in this case concerned only a small amount of cocaine, she had an employment record, she has a five-year-old son who needs to be taken care of, she has not had any other involvement with drugs since her arrest, and, according to her, she would not have any problem attending or participating in a substance abuse clinic or maintaining a law-abiding lifestyle if granted probation.
It is apparent and obvious that the district court took into consideration mitigating factors in imposing the minimum sentence of imprisonment allowed by law for the offense charged. Considering the seriousness of the offense, distribution of a narcotic drug as part of an ongoing business or for-profit enterprise, there was no *164 abuse of discretion on the part of the district court in giving greater weight to the seriousness of the offense than to mitigating factors in determining whether the minimum sentence should be suspended and the defendant placed on probation.
The conviction and sentence are affirmed.
Affirmed.