447 So.2d 636 (1984)
STATE of Louisiana
v.
Henry DORSEY.
No. KW 84 0183.
Court of Appeal of Louisiana, First Circuit.
March 19, 1984.
Houston C. Gascon, III, Dist. Atty., for plaintiff-respondent.
C. Jerome D'Aquila, New Roads, for defendant-relator.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This is an application for a supervisory writ from a judgment denying an application for post conviction relief which sought to vacate a guilty plea because the defendant did not have the mental capacity to enter it.

FACTS
On September 20, 1982, Henry Dorsey, Jr. was indicted by the Iberville Parish Grand Jury for the second degree murders (La.R.S. 14:30.1) of Troy Dorsey and Nathaniel Dorsey, his children, on August 10, 1982. He was arraigned on September 21, 1982, and pled not guilty and not guilty by reason of insanity to both charges. A sanity commission was appointed to examine Dorsey. A sanity hearing was held on November 24, 1982, and the district court ruled that Dorsey understood the charges pending against him and was capable of assisting counsel. The court minutes of this hearing do not reflect that objection was made to this ruling. Trial was fixed for February 7, 1983.
On February 3, 1983, after an extensive Boykin examination and against the advice of his court-appointed counsel, Dorsey withdrew his previous pleas and pled guilty to the second degree murder of Troy Dorsey. (The written minutes on the indictment for second degree murder of Nathaniel Dorsey show it was continued without date.) Dorsey waived the sentencing delay and was sentenced to imprisonment at hard *637 labor for life without benefit of parole, probation or suspension of sentence.
On December 16, 1982, and February 14, 1983, Dorsey was examined by Dr. Francisco A. Silva, a psychiatrist. On February 18, 1983, he was examined by Dr. Curtis Vincent, a clinical psychologist. Silva and Vincent subsequently testified on behalf of Dorsey that he was mentally incapable of entering a guilty plea on February 3, 1983.
This motion to set plea of guilty aside was filed on February 22, 1983. When filed, the time for taking an appeal from the conviction had expired. La.C. Cr.P. art. 914.[1] Accordingly, we consider this motion as an application for post conviction relief. La.C.Cr.P. art. 924 et seq.; La.C.Cr.P. art. 924.1. Dorsey contends that his guilty plea is constitutionally infirm because he did not have the mental capacity to knowingly or voluntarily waive his constitutional rights. Such a claim may be considered in an application for post conviction relief. La.C.Cr.P. art. 930.3(1).
On July 22, 1983, Dorsey was examined by Drs. Aris Cox and Theresita Jiminez. Dr. Jiminez was a member of Dorsey's sanity commission and previously examined him on October 5, 1982. Dr. Jiminez testified on behalf of the State that when she examined Dorsey on October 5, 1982, and July 22, 1983, he was mentally capable of proceeding to enter a guilty plea. She would not give an opinion on Dorsey's condition on February 3, 1983, but indicated that his condition was substantially the same both times she examined him. Further, she knew of no reason why he would not have been capable of proceeding on February 3, 1983. Dr. Cox testified on behalf of the State that Dorsey was mentally capable of entering a guilty plea when he examined him. Although he would not give an opinion on Dorsey's condition on February 3, 1983, he indicated that the way Dorsey described what happened in February "did not sound like he was having psychotic symptoms at that time." Dorsey told both Drs. Jiminez and Cox that "he realized he was facing long period of institutionalization and a correctional setting would be more satisfactory to him than a psychiatric hospital."
On October 13, 1983, the taking of evidence on this motion was completed with the testimony of Dr. Vincent and the filing of Dorsey's extensive records (218 pages) from East Louisiana State Hospital. These records show a history of admissions commencing in January of 1977. His last admission was April 20, 1982. He was discharged on June 18, 1982. At the time of discharge, he had occasional auditory hallucinations but was considered capable of maintaining himself outside the hospital. His condition was diagnosed as paranoid schizophrenia. On October 13, 1983, the district court judge (who also received Dorsey's guilty plea) denied the motion. Dorsey applied to this Court for a supervisory writ on February 13, 1984. La. Const. of 1974, art. V, § 10; cf. La.C.Cr.P. art. 930.6.

MENTAL CAPACITY TO ENTER GUILTY PLEA
The essence of Dorsey's claim is that when he entered his guilty plea he lacked the requisite mental capacity to proceed. Mental incapacity to proceed is defined in La.C.Cr.P. art. 641 as follows:
Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense.
A defendant in a criminal case is presumed sane and responsible for his actions, and the burden of proving otherwise in this proceeding is on the defendant. La.R.S. 15:432; La.C.Cr.P. art. 930.2; cf. State v. Narcisse, 426 So.2d 118 (La.1983). The standard of proof is a preponderance of the evidence, and the defendant must show it was more probable than not he lacked the *638 mental capacity to enter the plea. Cf. State v. Rogers, 419 So.2d 840 (La.1982). The ruling of a district court on a defendant's mental capacity to proceed (enter a guilty plea) is entitled to great weight on appellate review and will not be overturned absent an abuse of discretion. State v. Brogdon, 426 So.2d 158 (La.1983).
In his oral reasons for judgment, the district court judge placed emphasis on the fact that he Boykinized Dorsey for approximately one hour and fifteen minutes before accepting his guilty plea. The transcript of the guilty plea shows extensive and probing questions by the district court judge and responsive answers by Dorsey. Cf. State v. Trahan, 412 So.2d 1294 (La.1982). Further, implicit in the district judge's ruling is that he accepted the testimony of Drs. Jiminez and Cox and rejected that of Drs. Silva and Vincent. We have reviewed the record and cannot say that the district court judge abused his discretion.

DECREE
For the foregoing reasons, this application for a supervisory writ is denied.
WRIT DENIED.
NOTES
[1] Compare State v. Buckenburger, 428 So.2d 966 (La.App. 1st Cir.1983), writ denied, 433 So.2d 721 (La.1983), where the defendant attempted to vacate his plea shortly after sentencing and then raised the failure of the district court to allow him to do so as an assignment of error in a timely appeal.