549 So.2d 401 (1989)
STATE of Louisiana, Plaintiff-Appellee,
v.
Edward FRANK, Defendant-Appellant.
No. CR88-1367.
Court of Appeal of Louisiana, Third Circuit.
September 1, 1989.
*403 Gary J. Ortego, Ville Platte, for defendant-appellant.
Richard W. Vidrine, Asst. Dist. Atty., Ville Platte, for plaintiff-appellee.
Before DOUCET, KNOLL and KING, JJ.
DOUCET, Judge.
On April 3, 1987, defendant, Edward Frank, was charged by bill of information with illegal possession of a firearm, in violation of La.R.S. 14:95.1. After waiving his right to a jury trial defendant was convicted as charged during a bench trial held on May 6, 1988. Subsequently, on September 9, 1988, defendant was sentenced to serve seven (7) years at hard labor. Defendant appeals his conviction and sentence based upon six assignments of error.

FACTS
On March 1, 1987, Officers James Thomas and Elton Goudeau were patrolling the Ville Platte area when they happened upon a car which was parked in the opposing lane of traffic on Humana Road, blocking the intersection. When Thomas approached the car he noticed defendant, Edward Frank, asleep at the wheel with a pistol positioned on the seat next to Frank. Defendant was alone in the vehicle. Thomas testified that the gun, a .22 caliber revolver, was on the seat in plain view a few inches from defendant. Thomas tried to wake up defendant by tapping on the window. However, this failed and Thomas opened the door and grabbed the gun. Defendant was placed under arrest and charged with D.W.I. It should also be noted that Officer Goudeau did not testify at trial and was no longer in the employ of the Ville Platte City Police. However, it appears that Goudeau was the officer who questioned defendant.
Defendant testified that neither the car nor the gun belonged to him. Rather, he claimed the car was owned by his live-in girl friend, Terri Woodard, and that he did not know the gun was in the automobile.
*404 Woodard stated that she purchased the gun about a month before the incident. She claimed she always kept the gun under the armrest of the front seat, and she never told defendant, her boyfriend, about this fact. The record further reveals that the front seat was a bench seat with a fold-up armrest. It was established that defendant had frequent access to Woodard's car. The trial judge found defendant guilty as charged choosing to discredit the testimony that defendant did not know the gun was in the car especially considering that it was not in a compartment.
ASSIGNMENTS OF ERROR NOS. 1, 2, and 5:
By these assignments of error, defendant argues that the trial court erred in finding him guilty of illegal possession of a firearm when the evidence admitted was insufficient to prove beyond a reasonable doubt that defendant committed the offense. Basically, defendant contends that the state did not prove he had actual possession of the firearm.
La.R.S. 14:95.1 provides:
"A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated, forcible or simple rape, aggravated crime against nature, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon.
B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
(1) The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.
(2) Upon completion of sentence, probation, parole, or suspension of sentence the convicted felon shall have the right to apply to the sheriff of the parish in which he resides, or in the case of Orleans Parish the superintendent of police, for a permit to possess firearms. The felon shall be entitled to possess the firearm upon the issuing of the permit.
(3) The sheriff or superintendent of police, as the case may be, shall immediately notify the Department of Public Safety, in writing, of the issuance of each permit granted under this Section."
In order to convict an accused the following elements must be proven by the state:
1. Status of the defendant as a convicted felon,
2. An instrumentality defined as a firearm, and
3. Physical and/or constructive possession of the firearm by the defendant.
State v. Mose, 412 So.2d 584 (La.1982); State v. Brooks, 496 So.2d 1208 (La. App.5th Cir.1986).
At the trial the state proved that the defendant had been convicted of attempted aggravated rape in May of 1972. This fact was stipulated to by the defense. Also, the state showed that Frank was discharged from prison on April 23, 1980, thereby meeting the ten year requirement. There is no doubt that the weapon introduced at trial which was found with defendant was a .22 caliber revolver. However, *405 defendant questions whether the state proved that the gun introduced at trial was the same gun taken from defendant. The record reveals that the gun, although not marked by Officer Thomas, was taken to the Assistant Chief of Police, Jack Aucoin, who receives seized evidence. Aucoin testified that the gun was left on his desk in an evidence envelope and it was the same gun introduced at trial. Finally, Woodward testified that the gun introduced at trial was her gun; the one she purchased and kept in the car defendant was found driving. In order to introduce demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is the one connected with the case. State v. Clement, 368 So.2d 1037 (La.1979). A defect in the chain of custody goes to the weight of the evidence rather than to its admissibility. State v. Sam, 412 So.2d 1082 (La.1982); State v. Williams, 447 So.2d 495 (La.App.3rd Cir.1984) writ denied 450 So.2d 969 (La.1984). The above facts indicate that the gun introduced at trial was the same one seized by Officer Thomas.
It is the final element, possession of a firearm, which defendant vehemently challenges. La.R.S. 14:95.1 does not make actual possession a necessary element of the offense, and it has been held that "constructive" possession of a firearm by a convicted felon satisfies the possessory element. State v. Day, 410 So.2d 741 (La. 1982). Constructive possession is a legal term describing the situation in which a person who is not in actual possession of an object can nevertheless be considered in legal possession of the thing if it is subject to his dominion and control. State v. Hills, 451 So.2d 1346 (La.App.1st Cir.1984) reversed in part on other grounds 457 So.2d 1183 (La.1984).
The facts indicate that the gun was found on the car seat next to the unconscious defendant. Defendant was the sole occupant of the vehicle. Defendant claimed that he did not own the car and that he was unaware of the gun's presence in the car. Defendant sought the aforementioned testimony of his girl friend to support his claims. However, defendant's contentions seem to be a bit farfetched. First, the front seat was a bench seat with a folding armrest instead of a seat with a compartment. Defendant testified that he used the armrest to lean on when he drove the car so it would seem unlikely that he did not know the gun was there even if one accepts defendant's story. Second, defendant had access to the car and used it frequently. Although he did not own the car, because of his relationship with the owner, he did have a certain amount of control or dominion over the vehicle. Also, there was no gun registration introduced at trial which would indicate the revolver was in Woodard's name. Finally, there was the uncontroverted testimony of Officer Thomas stating the gun was in plain view on the front seat a few inches from defendant.
The applicable standard to apply when determining whether the evidence in a given case is sufficient to convict a defendant of an offense is whether a rational trier of fact, after viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt, that the defendant was in possession of a firearm. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Edwards, 400 So.2d 1370 (La. 1981). We find that the trial judge could have found beyond a reasonable doubt that defendant was in possession of a firearm.
Defendant also contends that the trial judge should have granted a motion for acquittal at the end of the state's case because the state presented evidence insufficient to prove its case. La.C.Cr.P. art. 778 provides that in a trial before a judge alone, the court shall enter a judgment of acquittal, on its own motion or motion of defendant, if the evidence is insufficient to sustain a conviction. However, as previously noted, the evidence was sufficient to support a conviction. Therefore, it was not error for the judge to fail to grant the motion for acquittal.
These assignments lack merit.
*406 ASSIGNMENT OF ERROR NO. 3
By this assignment of error, defendant asserts that his constitutionally guaranteed right to a jury trial was violated because defendant did not knowingly and intelligently waive his right to a jury trial.
The United States Constitution and the Louisiana Constitution expressly guarantee the criminally accused the right to a jury trial. U.S. Const. amend VI; La. Const. art. I, §§ 16, 17. However, the Louisiana Code of Criminal Procedure provides for a waiver of the right to be tried by a jury:
"A. A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge. At the time of arraignment, the defendant in such cases shall be informed by the court of his right to waive trial by jury.
B. The defendant shall exercise his right to waive trial by jury in accordance with the time limits set forth in Article 521. However, with permission of the court, he may exercise his right to waive trial by jury at any time prior to the commencement of trial.
C. The defendant may withdraw a waiver of trial by jury unless the court finds that withdrawal of the waiver would result in interference with the administration of justice, unnecessary delay, unnecessary inconvenience to witnesses, or prejudice to the state."
La.C.Cr.P. art. 780. In order to protect this right, the waiver must be "knowing and intelligent." However, the Supreme Court has stated "when the defendant waives his right to a jury trial by opting for a judge trial, as opposed to when he waives all trial rights by pleading guilty, we have expressly rejected several times a rule which would require the trial judge to personally inform the defendant of his right to a jury trial." State v. Kahey, 436 So.2d 475, 486 (La.1983). This seems to indicate that the trial judge need not conduct a Boykinlike colloquy when defendant elects to waive his right to trial by jury.
The minutes reflect that at arraignment the trial judge "advised defendant of his rights and he (defendant) acknowledged that he understood these rights." Then on March 21, 1988, before the petit jury was formed, defendant informed the court that he wished to waive his right to a jury, and wanted to be tried by the judge alone. The trial judge accepted this waiver. However, now defendant contends that the judge should have investigated if this waiver was knowing and intelligent. In brief, defendant seems to indicate that the decision to waive jury trial was a strategic one in that he thought he may receive a more lenient sentence if tried by the judge. Defendant is now claiming that since this strategy backfired he should be given a new trial because he did not knowingly and intelligently waive his right. However, we find that the advice of counsel and strategy which went awry should not be grounds for claiming an unknowing waiver of defendant's right to a jury trial.
In a similar case, State v. Legnon, 464 So.2d 910 (La.App.4th Cir.1985), the court held that the minute entry stating "the defendant waives all rights to a trial by jury" coupled with the fact that defense counsel in that case affirmatively stated that defendant waived his right to trial by jury was a knowing and intelligent waiver.
In the instant case, defendant made an affirmative waiver some time after arraignment. This waiver was a choice made by him after advice of counsel. We find that the trial judge need not go into a Boykin-like hearing to investigate this waiver, especially since defendant was informed of his "rights" once before at arraignment.
Thus, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 4
By this assignment of error, defendant urges that he was denied his constitutional right to effective assistance of counsel. In particular, defendant argues that his trial attorney failed to subpoena a witness, failed to raise an intoxication defense, failed to object to the admissibility of the gun, failed to ask for a directed verdict, and failed to file pre-trial motions. Defendant *407 asserts that because of these shortcomings, trial counsel was ineffective and defendant was prejudiced by this lack of effectiveness.
The right of a defendant in criminal proceedings to the effective assistance of counsel is constitutionally mandated by the Sixth Amendment of the U.S. Constitution. In order to prove that this counsel was ineffective the relator must meet a two-prong test recently enunciated by the Supreme Court. First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that this deficiency prejudiced the outcome of the trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Brooks, 505 So.2d 714 (La. 1987) cert. denied 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). The defendant has the burden of proving that certain acts by defense counsel were deficient and that this deficiency led to an unreliable outcome. Strickland, supra.
A review of the record indicates that defense counsel actively participated in the defense of defendant. Counsel cross-examined the state's witnesses and called witnesses on behalf of the defense. Trial counsel also challenged the admissibility of the .22 caliber revolver by traversing the foundation laid by the state. We are aware that other than a motion for a continuance, trial counsel did not file any pre-trial motions, however, trial counsel was retained by defendant only a few months before trial. Counsel who had been previously appointed to represent defendant (who also happens to be appellate counsel for defendant) filed various motions including a Motion for a Bill of Particulars and a Motion for Discovery. Although defendant challenges trial counsel's failure to file pre-trial motions, he does not allege any other motions which would have been necessary to the case, nor does he show how this failure prejudiced him.
Defendant points to trial counsel's failure to subpoena a witness for the defense, Rayford Sonnier. However, a close reading of the record indicates that Sonnier's testimony was necessary for the possession of cocaine charge only. The state was not prosecuting that crime in the present situation. Therefore, we find that defendant was not prejudiced by Sonnier's absence.
Finally, defendant claims that the trial counsel should have raised an intoxication defense and asked for a directed verdict after presentation of the state's case. However, intoxication is a defense only where (1) the intoxicated condition was involuntary and the condition was a direct cause of the commission of the crime, or (2) the intoxication condition precluded the presence of specific criminal intent or of a special knowledge required in a particular crime. La.R.S. 14:15. Specific intent is not required under La.R.S. 14:95.1 and intoxication cannot serve as a defense to this charge. State v. Godeaux, 378 So.2d 941 (La.1979). Given defendant's state of voluntary intoxication, an intoxication defense would have been improper. Lastly, defendant urges that trial counsel should have asked for a directed verdict after presentation of the state's case. Although a directed verdict is not proper in a bench trial, trial counsel could have asked for a motion for acquittal. La.C.Cr.P. art. 778. However, as indicated previously, the state presented enough evidence to convict defendant, thus such a motion would have been denied.
Judicial scrutiny of counsel's performance must be highly deferential and the court must refrain from second guessing particular strategy on hindsight. Strickland, supra. In light of the foregoing, we find that defendant had effective assistance of counsel and defendant failed to show facts which made his counsel's performance less than competent.
Thus, this assignment lacks merit.
ASSIGNMENT OF ERROR NO. 6
By this assignment of error, defendant claims that the sentence given by the trial judge was excessive and constituted cruel and unusual punishment. Also, defendant claims that the trial judge failed to comply with the sentencing guidelines of LA-C. *408 Cr.P. art. 894.1 because he did not consider mitigating factors.
A trial judge is required to state for the record both the considerations he has taken into account and the factual basis thereof for imposition of the sentence. La.C.Cr.P. art. 894.1; State v. Duncan, 420 So.2d 1105 (La.1982). The sentencing judge need not articulate every aggravating and mitigating circumstance listed in article 894.1. However, the record must reflect that the judge adequately considered these guidelines. State v. Smith, 433 So.2d 688 (La.1983); State v. Richardson, 438 So.2d 1315 (La.App.3rd Cir.1983). The important factors which must be considered are the defendant's personal history, prior criminal record, seriousness of the offense, and likelihood of rehabilitation or recidivism. State v. Soco, 441 So.2d 719 (La.1983); State v. Ezernack, 408 So.2d 907 (La.1981); State v. Dugas, 527 So.2d 610 (La.App.3rd Cir.1988), writ denied 533 So.2d 15 (La.1988).
The trial judge gave the following explanation for his sentence:
"Mr. Frank, if you will recall, you were convicted of having possession of a firearm after having been convicted of attempted aggravated rape in Allen Parish on May 26, 1972. As you know, under that statute, if you are convicted of having possession of a firearm, you could be sentenced to ten years at hard labor without the benefit of probation, parole or suspension, with a minimum of three years at hard labor. Absolute minimum. The court had a pre-sentence investigation in your case, and your record is terrible. The possibility of yourof course probation is out of the question, because I'm mandated to give you at least three years. But I'm convinced that the possibility or probability of your committing another crime is very, very great. In fact, its [sic] almost assured. Particularly your propensity to deal with drugs. Because of that, I won't give you the maximum because of that no parole on this thing, but I will sentence you to seven years at hard labor commencing this date. And if you served any time since your arrest in jaildid you serve any time at all before you bonded out?"
It is evident that the sentencing judge relied heavily upon defendant's past record as indicated in the pre-sentence investigation report. The past convictions include attempted aggravated rape, simple battery, D.W.I., theft, and possession of marijuana. Also, defendant was charged, but not prosecuted, for other various drug related offenses, including a pending charge for distribution of cocaine. The judge felt that the possibility of recidivism was great because of the seriousness of defendant's past record.
Defendant claims that the judge failed to consider mitigating facts in his case. However, this court in State v. Dugas, supra, outlined the following Supreme Court jurisprudence:
"The purpose of La.C.Cr.P. Art. 894.1 is to facilitate appellate review of the possible overstepping of the trial court's discretion in sentencing. Failure to fully comply with Art. 894.1 does not necessarily mandate a finding that the sentence is invalid. State v. Davis, 448 So.2d 645 (La.1984); State v. Wimberly, supra, 414 So.2d 666 (La.1982). In Wimberly, supra, at p. 672, the Louisiana Supreme Court stated:
"In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge's failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant's complaints of an excessive sentence had merit. In each case, pursuant to our duty to uphold the constitution, which expressly prohibits the imposition by law of excessive punishment, we vacated the sentence and remanded the case for resentencing on an adequate record, including strict compliance with Article 894.1.'
*409 Where the record reflects an adequate basis for the sentence imposed, remand for further elucidation of reasons for sentence by the trial court is unnecessary. State v. Lanclos, 419 So.2d 475 (La.1982)."
Therefore, if the record is adequate for this court to review any possible excessiveness in the sentence, the failure of the sentencing judge to consider mitigating factors should not be grounds for remand.
Defendant argues that the sentence imposed was excessive, in violation of La. Const. Art. I, § 20. According to LA-R.S. 14:95.1, the penalty for possession of a firearm by a convicted felon is not less than three years nor more than ten years without benefit of probation, parole, or suspension of sentence. The sentence given, seven years, fell within the statutory limitations. However, a sentence imposed, although within the statutory limit, may still violate the defendant's right against excessive punishment and the excessiveness of the sentence is reviewable by the appellate courts. La. Const. Art. I § 20; State v. Sepulvado, 367 So.2d 762 (La.1979).
The appellate standard for review of an excessive sentence is as follows:
"Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La. 1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court's discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982)."
State v. Ashworth, 505 So.2d 260, 262 (La. App.3rd Cir.1987), writ denied, 508 So.2d 68 (La.1987).
In the present case, defendant was a convicted felon who was in possession of a firearm. Although at first glance a seven year sentence seems disproportionate to the crime involved, the seriousness of defendant's previous encounters with the law seem to justify this sentence. As shown in the pre-sentence report, defendant has had twelve charges brought against him since 1968. It is therefore evident that defendant has a propensity for criminal conduct and poses a threat to society. The sentencing judge is given wide discretion in imposing sentences within the statutory limits and they should not be set aside absent manifest abuse of discretion. State v. Davis, 449 So.2d 452 (La.1984); State v. Joe, 502 So.2d 270 (La.App.3rd Cir.1987). We find that the trial judge did not abuse his discretion in imposing the sentence in this case and the sentence is not disproportionate to the crime committed, in light of the threat to society posed by this convicted felon, as to shock one's sense of justice.
Thus, this assignment lacks merit.
Accordingly, for the reasons assigned, defendant's conviction and sentence are affirmed.
AFFIRMED.