591 So.2d 774 (1991)
STATE of Louisiana, Appellee,
v.
Charles Boyd WRY, Appellant.
No. 23,181-KA.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1991.
Rehearing Denied January 16, 1992.
*777 John William Focke, II, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Jerry Jones, Dist. Atty., John Spires, Michael A. Jedynak, Asst. Dist. Attys., Monroe, for appellee.
Before SEXTON, LINDSAY and BROWN, JJ.
LINDSAY, Judge.
The defendant, Charles Boyd Wry, entered a plea of guilty to negligent homicide and was sentenced to serve five years at hard labor. The defendant now appeals, claiming ineffective assistance of counsel. He also attacks the validity of his guilty plea and contends that his sentence is excessive. We affirm.

FACTS
The defendant, a former truck driver, was under treatment for a stress disorder arising from a traffic accident in which his 18-wheeler collided with another 18-wheeler. The defendant was taking the prescription drug Xanax, an anti-anxiety medication for this disorder. The defendant had been instructed by his physician not to drink alcohol while taking Xanax.
On the evening of February 26, 1990, while taking Xanax, the defendant drank alcoholic beverages and then drove his vehicle south in the northbound lane of a local roadway near Monroe. The defendant was traveling at a high rate of speed and was not using his headlights at the time. He forced several vehicles off the roadway before he collided head-on with the vehicle driven by 19-year-old Nelda M. Bayless. Ms. Bayless was killed instantly.
Following the accident, it was determined that the defendant's blood alcohol content was .20%. The defendant was originally charged with one count of vehicular homicide and one count of possession of alprazolam, a controlled dangerous substance commonly known as Xanax. The charge of possession of Xanax was dismissed after it was determined that the *778 defendant had a valid prescription for the drug.
On April 11, 1990, the defendant entered pleas of not guilty and not guilty by reason of insanity. The defendant's counsel filed a motion for mental examination and for appointment of a sanity commission. Dr. DeBora Murphy and Dr. N.L. Mauroner were appointed as members of the sanity commission. They were directed to examine the defendant and to determine whether he had the mental capacity to proceed and whether, at the time of the commission of the offense, the defendant was mentally competent to know right from wrong.
Following their examinations, the reports of the members of the sanity commission were filed. Dr. Mauroner found that the defendant was capable of understanding the proceedings against him and could assist counsel in his defense. However, Dr. Mauroner also found that due to alcohol combined with the use of the Xanax, the defendant did not remember the accident. Dr. Murphy reported that the defendant was able to assist in his defense. Dr. Murphy noted that the defendant had been warned about drinking and taking medication and that he knew the difference between right and wrong.
On July 31, 1990, the assistant district attorney and the defendant's counsel filed a joint motion in which they stipulated that the medical reports would be submitted to the court in lieu of a formal sanity hearing. The defendant personally signed the agreement waiving his right to a formal sanity hearing and agreeing to the submission of the medical reports.
Court minutes reflect that on December 20, 1990, the trial court found the defendant mentally competent to proceed. On that date, the defendant elected not to proceed to trial and pursuant to a plea bargain, he entered a plea of guilty to the reduced charge of negligent homicide. On February 15, 1991, the defendant appeared before the trial court and was sentenced to serve five years at hard labor.
Subsequently, present counsel enrolled on behalf of the defendant and obtained an order of appeal. In his assignments of error, the defendant asserted that his previous attorney provided ineffective assistance. The defendant also contended that his plea of guilty was not knowingly and voluntarily entered, that there was no factual basis for the plea, and that the sentence imposed was excessive.

INEFFECTIVE ASSISTANCE OF COUNSEL
The defendant asserts that he failed to receive effective assistance of counsel during the proceedings leading up to his plea of guilty. Specifically, the defendant argues that previous counsel committed serious errors in stipulating to the submission of medical reports by the sanity commission members and waiving a hearing on the sanity issue. The defendant also argues that previous counsel erred in failing to object to the defendant's Boykin examination in which the trial court did not inquire of the defendant whether he understood the consequences of withdrawal of his pleas of not guilty and not guilty by reason of insanity. These arguments are meritless.
The right of a defendant in criminal proceedings to the effective assistance of counsel is mandated by the Sixth Amendment to the U.S. Constitution. State v. Frank, 549 So.2d 401 (La.App. 3d Cir.1989). In this case, the defendant is asserting his claim of ineffective assistance of counsel on direct appeal rather than in an application for post-conviction relief. Ordinarily, claims of ineffective assistance of counsel are more properly raised by an application for post-conviction relief filed in the trial court and upon which an evidentiary hearing may be held. This is particularly true where the claim cannot be properly assessed by the appellate court based upon the record before it. However, when such a claim may be evaluated on direct appeal and the record before the court contains the evidence necessary to evaluate the claim, the issue may be addressed in the interest of judicial economy. State v. Cupit, 508 So.2d 996 (La.App.2d Cir.1987), writ denied 514 So.2d 1174 (La.1987).
*779 Frequently, claims of ineffective assistance of counsel are raised following a trial on the merits, rather than after the entry of a guilty plea. However, the constitutional standard for effectiveness of counsel is the same in guilty plea cases as in cases which have gone to trial. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
The guidelines for evaluating claims of ineffective assistance of counsel were set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, in order for a defendant to demonstrate that counsel's assistance was so defective as to require reversal of the conviction, he must demonstrate that the deficient performance prejudiced him to such an extent that he was deprived of a fair trial. Strickland also provides that the standard to be used in judging attorney performance is that of reasonably effective assistance of counsel considering all the circumstances. The defendant must show that his counsel's performance fell below an objective standard of reasonableness. There is a strong presumption that the conduct of counsel falls within the wide range of reasonable professional assistance. Also, according to Strickland, with regard to a showing of prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See also State v. Cupit, supra; State v. Ball, 554 So.2d 114 (La.App.2d Cir.1989); State v. Frank, supra. In Hill v. Lockhart, supra, the requirement of prejudice was interpreted to mean, in the guilty plea context, that but for counsel's unprofessional or erroneous advice, the defendant would have pleaded not guilty and elected to go to trial. See also Williams v. Smith, 888 F.2d 28 (La.App.5th Cir.1989).
The defendant has the burden of proving that certain acts by his counsel were deficient and that this deficiency led to an unreliable outcome. State v. Frank, supra. Judicial scrutiny of counsel's performance must be highly deferential and the court must refrain from second-guessing particular strategy on hindsight. State v. Frank, supra. Hindsight is not the proper perspective for judging the competence of counsel's decisions. Neither may an attorney's level of representation be determined by whether a particular strategy is successful. State v. Brooks, 505 So.2d 714 (La.1987), cert. denied 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987).
In this case, the defendant has failed to carry his burden of proving that acts by his former counsel were deficient and that but for those acts, he would not have chosen to plead guilty.
The defendant argues that the court "had reasonable ground to doubt the defendant's mental capacity to proceed" and it therefore appointed a sanity commission to examine the defendant on the issue. The defendant also argues that because there was a reasonable ground to doubt the defendant's capacity to proceed, it was error to waive a sanity commission hearing.
The defendant originally entered a plea of not guilty and not guilty by reason of insanity. The sanity commission, appointed by the court pursuant to LSA-C.Cr.P. Art. 650,[1] was appointed at the request of the defendant, and not because the trial court had any occasion to question the defendant's sanity or capacity to proceed.
The trial court appointed a sanity commission, composed of two doctors. Those doctors examined the defendant and filed their reports.
Normally, at that point, under LSA-C.Cr.P. Art. 647, the issue of mental capacity would be determined by contradictory *780 hearing. He submitted to the trial court the issues of insanity at the time of the offense and capacity to proceed. These issues were submitted on the basis of reports filed by members of the sanity commission.
There is no showing that the defendant's waiver was not knowingly and voluntarily made. This decision did not deprive the defendant of the right to a determination of his mental capacity, it merely waived the defendant's right to a contradictory hearing. Further, we do not find any prohibition in the law to a waiver of such a hearing and a stipulation to submit the competency issue to the trial court based on the doctors' reports. Louisiana courts have consistently upheld stipulations entered into by a defendant, his defense counsel and the state. See State v. Owens, 501 So.2d 968 (La.App.2d Cir.1987), writ denied 507 So.2d 224 (La.1987).
The defendant has failed to demonstrate any deficiencies on the part of his original attorney regarding the sanity issue. He has also failed to demonstrate that he was prejudiced by any perceived deficiencies. The defendant argues essentially that if a sanity hearing had been held he might have been determined to be incompetent and a guilty plea would not have been accepted. This argument is based upon pure speculation and is insufficient to meet the defendant's burden of proving prejudice. Further, and most importantly, this argument is contrary to the statements of the members of the sanity commission who found the defendant to be competent to proceed.[2]
Therefore, the defendant's argument that he was deprived of effective assistance of counsel regarding the waiver of the sanity hearing is meritless.
The defendant also argues that he received ineffective assistance of counsel when his previous attorney failed to object to the Boykin examination in which the defendant was not informed of the consequences of withdrawal of his pleas of not guilty and not guilty by reason of insanity. The defendant argues that this failure by the trial court rendered the guilty plea invalid. That argument will be discussed below. However, in evaluating the actions of the defendant's prior attorney during the guilty plea proceedings, we find that the defendant has again failed to carry his burden of proof. Evaluated under the standards announced in Strickland v. Washington, supra, as applied to guilty plea proceedings in Hill v. Lockhart, supra, we find that the actions of defendant's prior counsel were not deficient and the defendant has failed to show any prejudice.

VALIDITY OF GUILTY PLEA
The defendant claims that he did not fully understand the consequences of his guilty plea and therefore the plea was not freely and voluntarily entered. He contends that he was not adequately informed of the consequences of waiving his plea of not guilty by reason of insanity and therefore his plea of guilty was not knowing and voluntary. This argument is meritless.
A defendant in a criminal case is presumed sane and responsible for his actions and the defendant has the burden of proving otherwise. State v. Dorsey, 447 So.2d 636 (La.App. 1st Cir.1984). The standard of proof is by a preponderance of the *781 evidence and the defendant must show that it was more probable than not that he lacked mental capacity to enter the guilty plea. State v. Dorsey, supra.
Before a plea of guilty can be accepted, the trial court must determine that the accused has a full understanding of what the plea connotes and its consequences, specifically that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offense for which he is charged and the range of possible sentences. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
In the instant case, the trial court had ruled that the defendant had the capacity to proceed based upon the reports of the members of the sanity commission. The transcript of the guilty plea proceedings shows that the trial court further explored the defendant's competency to enter a guilty plea, adequately informed him of the consequences of the entry of such a plea and informed him of the constitutional rights which he was waiving. The trial court inquired of the defendant as to how he was feeling at the time of entry of his guilty plea. The defendant indicated that he was not under the influence of drugs and alcohol and was in full control of his mental faculties. The defendant was then informed of his right to trial by jury, his right of confrontation and his right against compulsory self-incrimination. He was also informed of the maximum sentencing exposure for negligent homicide. The defendant indicated that he understood these factors, that he was not acting under threats or coercion and wished to waive his rights and enter a plea of guilty.
We further note that the issue of whether the defendant's plea of guilty was constitutionally deficient has previously been ruled upon by this court. On May 23, 1991, this court denied the defendant's motion for a new trial and treated the motion as a motion to withdraw his guilty plea. At that time, we found that the defendant's plea could not be withdrawn because he did not show that his plea was constitutionally deficient. See State v. Wry, No. 23,181-KA, dated May 23, 1991.
Accordingly, we find that the defendant failed to demonstrate that his plea of guilty was not knowingly and intelligently entered.

FACTUAL BASIS FOR GUILTY PLEA
The defendant argues that the trial court erred in accepting his plea of guilty when there was no factual basis for the plea. This argument is meritless.
The defendant stated that he was pleading guilty because he was in fact guilty. There was nothing which would have placed the trial court on notice that the plea was not supported by the evidence. Actually, the state made an adequate showing of the factual basis for the plea. A guilty plea by its nature admits factual guilt and relieves the state of the necessity of proving it by contested trial. State v. Buggs, 567 So.2d 744 (La.App. 2d Cir.1990); State v. Walter, 542 So.2d 586 (La.App. 1st Cir. 1989), writ denied 546 So.2d 1222 (La.1989).
This assignment of error has no merit.

EXCESSIVE SENTENCE
The defendant argues that his sentence of five years at hard labor, the maximum period of incarceration available for negligent homicide, was excessive. This argument is meritless.
In determining whether a sentence is excessive, the test imposed by the reviewing court is two-pronged. First, the record must show that the trial court took cognizance of the factors set forth in LSA-C.Cr.P. Art. 894.1 which enumerates criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983); State v. Tully, 430 So.2d 124 (La.App.2d Cir.1983), writ denied 435 So.2d 438 (La. 1983).
While the trial court need not articulate every aggravating and mitigating circumstance *782 outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that the court adequately considered those guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir. 1983), writ denied 438 So.2d 1112 (La.1983).
The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even when there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). Important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir. 1988), writ denied 521 So.2d 1143 (La.1988).
After determining whether the provisions of LSA-C.Cr.P. Art. 894.1 have been complied with by the trial court, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
The sentencing court is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing court. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, supra; State v. Brooks, 431 So.2d 865 (La. App.2d Cir.1983).
A sentence is unconstitutionally excessive in violation of La.Const. 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied 435 So.2d 433 (La.1983).
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions, but may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied 452 So.2d 695 (La.1984). As a general rule, maximum or near maximum sentences are to be reserved for the worst offenders and the worst offenses. State v. Lathers, 444 So.2d 96 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983); State v. Williams, 454 So.2d 1287 (La.App. 2d Cir.1984). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the benefit received by a plea bargain agreement and the attendant reduction in potential exposure to criminal penalty is a proper sentencing consideration. State v. Griffin, 455 So.2d 681 (La.App. 2d Cir.1984), writ denied 458 So.2d 128 (La.1984); State v. Richardson, 446 So.2d 820 (La.App. 2d Cir. 1984); State v. Winzer, 465 So.2d 817 (La. App. 2d Cir.1985).
A trial court is not required to render a suspended sentence or probation on a first felony offense, but may consider whatever factors and evidence are deemed important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Tully, supra.
The record shows that the trial court adequately articulated the factors considered in imposing sentence under LSA-C.Cr.P. Art. 894.1. As mitigating factors, the court noted that the defendant had only an eighth grade education, grew up without a father image and received a medical discharge from the U.S. Marine Corps. The court also noted that the defendant was married, with children, and maintained steady employment until the time of the accident. The court also noted *783 that the defendant was remorseful for this tragic event. At the sentencing hearing, the defendant informed the court that he had joined Alcoholics Anonymous and attended meetings every night.
As aggravating circumstances, the court noted that the defendant was 40 years old and was not a youthful offender. The defendant had been employed as a cross-country truck driver and was well aware of the dangers of mixing drugs and alcohol with driving. The trial court also considered the feelings of the victim's family in imposing sentence. The trial court also considered the fact that the defendant received the benefit of a plea bargain agreement. The defendant was originally charged with vehicular homicide and faced a maximum sentencing exposure of 15 years at hard labor and a fine of $15,000. He also faced a minimum sentencing exposure of two years at hard labor and a $2,000 fine. By entering a plea of guilty to the reduced charge of negligent homicide, the defendant's maximum sentencing exposure was reduced to five years at hard labor and a fine of $5,000.
Based upon these factors, we find that the trial court adequately considered the factors for imposing sentence set forth in LSA-C.Cr.P. Art. 894.1.
We also find, based upon our review of the record, that the trial court did not abuse its discretion in sentencing the defendant to the maximum possible sentence of incarceration, five years at hard labor. Although the defendant is a first felony offender, he is not a youthful offender. He was a professional driver who knew the dangers of mixing drugs and alcohol and then driving. In addition, the defendant had received specific strong warnings from his own physician not to drink alcohol while taking Xanax. The defendant also received the benefit of a favorable plea bargain agreement whereby he received a substantial reduction in his maximum sentencing exposure.
The sentence imposed by the trial court was tailored to both the offender and the offense. The sentence imposed does not shock our sense of justice and is well within the trial court's discretion.

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Charles Boyd Wry.
AFFIRMED.

APPLICATION FOR REHEARING
Before MARVIN, SEXTON, LINDSAY, HIGHTOWER and BROWN, JJ.
Rehearing denied.
NOTES
[1] LSA-C.Cr.P. Art. 650 provides:

When a defendant enters a combined plea of "not guilty and not guilty by reason of insanity," the court may appoint a sanity commission as provided in Article 644 to make an examination as to the defendant's mental condition at the time of the offense. The court may also order the commission to make an examination as to the defendant's present mental capacity to proceed. Mental examinations and reports under this article shall be conducted and filed in conformity with Articles 644 through 646.
[2] We also note that, even if the defendant had chosen to pursue the defense of not guilty by reason of insanity, he probably would not have been successful. To establish the insanity defense, the defendant must prove by a preponderance of the evidence that he was insane at the time of the offense due to a mental disease or defect which rendered him incapable of distinguishing right from wrong with reference to the conduct in question. State v. Colvin, 452 So.2d 1214 (La.App. 2d Cir.1984), writ denied 457 So.2d 1199 (La.1984); State v. Brogdon, 426 So.2d 158 (La.1983), appeal after remand 457 So.2d 616 (La.1984), cert. denied 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). A major factor in the commission of this offense and the defendant's alleged lack of memory of it was his consumption of drugs and alcohol. The use of drugs and alcohol at the time of commission of an offense does not constitute proof of a mental disease or defect. State v. Hilburn, 512 So.2d 497 (La.App. 1st Cir.1987), writ denied 515 So.2d 444 (La.1987); State v. Shields, 444 So.2d 287 (La.App. 1st Cir.1983), writ denied 446 So.2d 312 (La.1984).