JaFITZSIMMONS, Judge.
The defendants, Balehi Marine, Inc. and David Levy, were charged by grand jury indictment with twelve counts of violating environmental regulations pertaining to hazardous waste storage and disposal. See La. R.S. Title 30 and LAC Title 33. Defendant Levy requested the appointment of a Sanity Commission. The trial court granted the motion and appointed Drs. Rafael Salcedo and John Thompson, Jr. The state requested the appointment of an independent expert, Dr. Rennie Culver. The trial court granted this motion. All three doctors filed reports of their examinations of Levy.
A sanity hearing was conducted on January 4, 1996. Essentially, Drs. Salcedo and Thompson concluded that the defendant understood the nature of the proceedings and the charges against him, but was unable to assist counsel in his defense. Dr. Salcedo believed that Levy’s “mental condition could deteriorate under the stress of trial.” Dr. Thompson found that the mental disorders were “secondary to [a] stroke” and other physical problems. On the other hand, Dr. Culver concluded that the defendant had the necessary mental capacity to proceed to trial. Dr. Culver believed that the defendant could assist counsel, although his “personality problem” might make him “difficult to represent.” At the conclusion of the hearing, the trial court took the matter under advisement. On January 16, 1996, the trial court issued a written ruling finding that Levy lacked the necessary mental capacity to proceed to trial. Subsequently, the trial court issued a signed judgment.
In this appeal, the State of Louisiana seeks review of the trial court’s ruling that defendant Levy lacked the mental capacity to proceed to trial. Essentially, the state contends that, while Mr. Levy may have significant physical problems and a personality disorder, a defendant must be found to have a|3mental disease or defect before he can be considered incapable to proceed to trial. See La.Code Crim.P. art. 641. The State relies on State v. Perry, 502 So.2d 543, 549-50 (La.1986), cert. denied, 484 U.S. 872, 108 S.Ct. 205, 98 L.Ed.2d 156 (1987), and State v. Machon, 410 So.2d 1065, 1068 (La.1982), for the proposition that a personality disorder does not rise to the level of a mental disease- or defect under Article _ 641. Such an argument is indeed interesting. However, for the following reasons, we refuse to find the trial court’s ruling constituted an abuse of discretion.
Initially, we are compelled to make the following observation. The trial court found by “a clear preponderance of the evidence” that the defendant lacked the necessary mental capacity to proceed to trial because he could not “assist in his defense.” The inability to proceed is the standard frequently used in the jurisprudence. However, since its amendment by 1990 La. Acts No. 755 § 1, La.Code Crim.P. art. 648 has required a trial court to find “by clear and convincing evidence that the defendant does not have the mental capacity to proceed.”
Nevertheless, we do not believe that the trial court erred in using the lesser standard. Last year, in Cooper v. Oklahoma, — U.S. —, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996), the United States Supreme Court struck down an Oklahoma statute which presumed the defendant in a criminal prosecution to be competent to stand trial, unless he proved his incompetence by clear and convincing evidence. The Supreme Court held that Oklahoma’s statute violated due process by allowing the trial of a defendant who was more likely than not incompetent. Therefore, while the trial court did not use the clear and convincing standard in the instant case, we do not find the ruling to be erroneous in light of Cooper.
14While a court is permitted to receive the aid of expert medical testimony on the issue of a defendant’s mental capacity to proceed, the ultimate decision of competency is the court’s alone. La.Code Crim.P. art. 647; State v. Pravata, 522 So.2d 606, 610 (La.App. 1st Cir.), writ denied, 531 So.2d 261 (La.1988). The ruling of the district court on a defendant’s mental capacity to proceed is entitled to great weight on appellate review and will not be overturned absent an abuse of discretion. State v. Dorsey, 447 So.2d 636, 638 (La.App. 1st Cir.1984).
Herein, the conclusions of the experts conflicted. The state contends that Dr. Cul- *1285 ver was correct in his determination that the defendant suffered from a personality disorder. The state further contends that a personality disorder is insufficient to constitute a mental disease or defect. However, the lay testimony in this case should not be overlooked. The defendant’s daughter and son-in-law both testified that the defendant’s behavior had changed in a significant way since his stroke in 1994. Considering all of the evidence herein, it seems probable that the defendant’s personality disorder resulted from, or has been greatly enhanced by, the stroke. A stroke and its aftereffects certainly could constitute a mental disease or defect under Article 641. Therefore, after a careful review of this matter, we find no abuse of discretion in the trial court’s determination that the defendant lacked the necessary mental capacity to assist in his defense.
Even assuming, arguendo, that the trial court erred in its determination that the defendant lacked the necessary mental capacity to proceed to trial, we are compelled to make yet another observation in this matter. The record does not indicate the current status of this case or the defendant’s whereabouts. However, after a ruling that a defendant lacks the mental capacity to proceed to trial, La.Crim.P. art. 648A ^provides that the trial court shall suspend the proceedings and remand the defendant: (1) to an appropriate institution for outpatient care and treatment; or (2) for jail-based treatment by the Department of Health and Hospitals; otherwise, the defendant is to be remanded for inpatient treatment at Feliciana Forensic Facility. Therefore, even if the trial court’s ruling was erroneous, under La. Code Crim.P. art. 649, if it was discovered during the treatment contemplated by Article 648A that the defendant currently had the necessary mental capacity to proceed, the trial court would be notified, and a new contradictory hearing would be held.
AFFIRMED.