JASPER E. JONES, Judge.
The defendant, Clinton L. McKinney, was convicted by a jury of distribution of cocaine, LSA-R.S. 40:967, 40:964, and sentenced to five years at hard labor. He appeals his conviction and sentence. We affirm.
On February 25, 1987, an undercover agent of the Winn Parish Sheriff’s Office purchased cocaine from a man subsequently identified as defendant outside a liquor store in Winnfield. At the conclusion of the undercover investigation, McKinney was arrested and charged with distribution of cocaine.
McKinney was tried on July 29, 1987. At the trial his attorney attempted to present an alibi defense. The state objected to the alibi witnesses due to the defendant’s failure to comply with LSA-C.Cr.P. *763 art. 727.[1] After a hearing on the Article 727 non-compliance the trial judge excluded alibi evidence from those witnesses. The jury convicted the defendant.
After the preparation of a presentence investigation report the trial judge imposed a sentence of five years. This appeal followed.
The defendant has made several assignments of error. However, several of these assignments have not been briefed or argued and therefore will not be considered. State v. Domingue, 298 So.2d 723 (La.1974); State v. Williams, 338 So.2d 672 (La.1976).
The defendant makes two arguments in his brief:
1. That the alibi evidence should not have been excluded (assignment 1); and
2. That his sentence is illegal as it is not properly individualized and is excessive (assignment 2, 3 and 4).

Assignment #1

The defendant argues the exclusion of the testimony of his alibi witnesses was improper. He argues the evidence was excluded, despite its crippling effect on his defense, without any showing of prejudice to the prosecution.
When the state objected to the alibi evidence the district judge held a hearing outside the presence of the jury on the issue. Defense counsel admitted there was no compliance with LSA-C.Cr.P. art. 727 despite the state’s request for notice of an alibi defense filed on June 30, 1987.
However, defense counsel stated he only learned of the alibi witnesses on July 23, 1987. The state learned of the defendant’s intent to offer an alibi defense on July 28, 1987, the day before the trial began. At no time did the defense counsel provide the state the names or other information concerning the alibi witnesses as required by LSA-C.Cr.P. art. 727.
In determining whether to exclude alibi evidence for non-compliance with LSA-C. Cr.P. art. 727 the court should consider:
(1) the amount of prejudice resulting from the failure to disclose;
(2) the reason for the non-disclosure;
(3) the extent the harm caused by nondisclosure was mitigated by subsequent events;
(4) the weight of properly admitted evidence supporting the defendant’s guilt; and
(5) any other relevant factors under the circumstances.
State v. Bias, 393 So.2d 677 (La.1981); State v. Brown, 414 So.2d 689 (La.1982).
The failure to give any notice of the alibi defense until the day before trial caused serious prejudice in impairing the state’s ability to meet the alibi defense. The failure to provide any information about the possible alibi witnesses prevented any chance for mitigation of the harm. The *764 state was given neither the information nor the time to confront the alibi defense.
The defense suggests that it could not comply with Article 727 because defense counsel did not learn of the alibi witnesses until July 23, 1987. Even if this is correct there still was no explanation given why defense counsel did not promptly notify the state of these witnesses upon learning of them. The record suggests no excusable reason for the failure to do so.
The record also reflects that the state had made a strong showing of defendant’s guilt.
The record shows the trial judge considered the appropriate factors in deciding to exclude the alibi witnesses’ testimony and his decision to do so was within the proper exercise of his discretion.

Assignments #2, #3 and # ⅛

Through these assignments defendant contends his sentence of five years imprisonment at hard labor is both not properly individualized and excessive.
The sentence imposed by the trial judge is for the minimum term of imprisonment provided under LSA-R.S. 40:967B(1) and includes no fine. However, even a sentence within statutory limits may be constitutionally excessive. State v. Nealy, 450 So.2d 634 (La.1984).
As the sentence actually imposed is for the minimum term provided by the statute the defendant’s argument is in effect that it is excessive or not properly individualized because he was not given probation or a suspended sentence.
The record shows that in sentencing the defendant the trial judge considered the defendant’s lack of prior criminal activity, his good work record and the needs of his family. However, despite those considerations the trial judge found any lesser sentence would deprecate the seriousness of what he found to be a very serious offense, distribution of cocaine.
The guidelines of LSA-C.Cr.P. art. 894.1 furnish the criteria by which an appellate court measures whether a sentence within statutory limits is excessive. State v. Bonanno, 384 So.2d 355 (La.1980).
A sentence is excessive if it is grossly out of proportion to the seriousness of the offense or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Bonanno, supra.
This court has previously affirmed a five year sentence for a first time offender convicted of distribution of cocaine. In State v. Cruz, 430 So.2d 161 (La.App. 2d Cir.1983), we considered the case of a 26 year old divorced mother who was a first time offender. We found no abuse of discretion by the trial judge in giving greater weight to the seriousness of the offense than the mitigating factors.
In State v. Tilly, 400 So.2d 1363 (La.1981), the court observed that the constitutional sentencing range for an 18 year old first felony offender convicted of distribution of cocaine was up to ten years. The court stated “In our view, the range of constitutionally permissive sentences in cases of this sort would be from the statutory minimum to as much as ten years.”
The record shows the trial judge properly considered the factors set out in LSA-C. Cr.P. art. 894.1. He did not consider any improper factors which would cause the sentence not to be individualized. Cf. State v. Vampran, 459 So.2d 1333 (La.App. 1st Cir.1984). After considering the circumstances the trial judge found that not to impose a term of imprisonment would deprecate the seriousness of this offense.
The sentence actually imposed was for the minimum term provided by the statute. The sentence was individualized in that the trial judge considered all factors in the defendant’s favor in determining to impose only the minimum term of imprisonment. Further, the imposition of a term of imprisonment does not constitute a purposeless or needless imposition of pain and suffering because, as the trial judge found, any lesser sentence would deprecate the seriousness of this offense. Finally, the sentence is proportionate to the offense in that the trial judge imposed the minimum term of imprisonment for this one time sale of a small amount of cocaine.

*765
Conclusion

The defendant’s assignments of error are without merit and his conviction and sentence are AFFIRMED.

. Art. 727. Notice of alibi
A. Upon written demand of the district attorney stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days, or at such different time as the court may direct, upon the district attorney a written notice of his intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi.
B. Within ten days thereafter, but in no event less than ten days before trial, unless the court otherwise directs, the district attorney shall serve upon the defendant or his attorney a written notice stating the names and addresses of the witnesses upon whom the state intends to rely to establish the defendant’s presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant’s alibi witnesses.
C. If prior to or during trial, a party learns of an additional witness whose identity, if known, should have been included in the information furnished under Subsection A or B, the party shall promptly notify the other party or his attorney of the existence and identity of such additional witnesses.
D. Upon the failure of either party to comply with the requirements of this rule, the court may exclude the testimony of any undisclosed witness offered by such party as to the defendant’s absence from or presence at, the scene of the alleged offense. This rule shall not limit the right of the defendant to testify in his own behalf.
E. For good cause shown, the court may grant an exception to any of the requirements of subsections A through D of this Section.