561 So.2d 879 (1990)
STATE of Louisiana, Appellee,
v.
Ricky FRITH and Wallace Posey, Appellants.
No. 21486-KA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 1990.
Rehearing Denied June 14, 1990.
*880 Leo A. Miller, Jr., Lake Providence, for appellant.
William J. Guste, Jr., Atty. Gen., James D. "Buddy" Caldwell, Dist. Atty., George F. Fox, Jr., Asst. Dist. Atty., Lake Providence, for appellee.
Before SEXTON, NORRIS and HIGHTOWER, JJ.
NORRIS, Judge.
Defendant, Wallace Posey, along with his brother-in-law, Ricky Frith, were jointly charged by bill of information with simple burglary, in violation of LSA-R.S. 14:62. Frith pled guilty and was sentenced to three years at hard labor. Posey was tried by jury and found guilty as charged. The trial court originally sentenced Posey to three years at hard labor, but suspended the sentence and placed him on five years supervised probation. As a condition of probation, the court ordered him to serve two years at hard labor without benefit of parole, probation, or suspension of sentence. On appeal, we affirmed the conviction, but found the sentence illegal, vacated it and remanded the case for resentencing. We held that the trial court could not, as a condition of probation, commit defendant to serve a sentence at hard labor. See State v. Frith and Posey, 536 So.2d 845 (La. App.2d Cir.1988). Before resentencing Posey filed a motion for a new trial, which was denied. The court then sentenced him to two years at hard labor; it also fined him $500, ordered him to pay $162.50 in restitution to the victim, $300 to the Indigent Defender Board, and all court costs; in default of paying these sums, he would serve an additional six months incarceration at hard labor. Defendant appeals, alleging that the trial court erred in denying his motion for a new trial and in imposing an excessive sentence. For the following reasons, we affirm the conviction and the denial of the motion for a new trial, but correct the sentence and affirm it as corrected.
In Posey's first appeal, we summarized the facts underlying the offense in an unpublished opinion:
The state's evidence tended to establish the following facts.
Between September 7, 1986 and September 11, 1986, Posey approached his brother-in-law Frith and suggested that they burglarize the home of Posey's neighbor, Johnny Driver, while Driver was out of town. Posey, utilizing his four-wheel drive truck, provided the transportation and acted as a lookout. Frith went into the Drivers' residence, stole three guns, one microwave oven and several pieces of jewelry. Posey drove up and down the highway waiting on Frith to bring the items to the side of the road. Posey then helped Frith load the microwave.
At approximately 9:30 p.m., Frith and Posey went to a lounge where Frith tried to sell the microwave oven to J.E. Brown who refused to purchase it. Since it was raining, they took the oven to Frith's mother-in-law's house where they stored it temporarily. Frith subsequently pawned the microwave oven, guns and other items at various pawn shops. Frith gave one-half of the proceeds to his sister for her to give Posey.

*881 When Driver returned he reported the burglary. Upon investigation the East Carroll Parish Sheriff's Department located many of the stolen items at area pawn shops. Frith was questioned and he implicated defendant Posey.

ASSIGNMENT OF ERROR # 1
On July 6, 1989, prior to resentencing, defendant filed a motion for a new trial. On August 13, 1989, a hearing on the motion was held. Posey alleged that Frith's trial testimony implicating him as a principal to the burglary was untrue. Posey produced an affidavit executed and signed by Frith the morning of the hearing stating that Posey had not been involved in the burglary. Immediately after signing the affidavit, Frith went to Deputy Sheriff J.O. Thornton's office, told him that he was made to sign the affidavit and that the statements therein were untrue. At the hearing, Frith admitted signing the affidavit and telling Posey's attorney that Posey had not been involved in the burglary. However, he testified that his trial testimony that Posey had participated in the burglary was the truth. Although he stated that no one at appellant's attorney's office forced him to sign the affidavit, he was scared and felt pressured into signing. The court expressly found no reason to grant a new trial and denied the motion.
A motion for a new trial based on newly discovered evidence should be granted only when evidence alleged to be newly discovered was not discovered before or during trial and is of such import that if it had been introduced at trial, it probably would have changed the verdict or judgment of guilty. LSA-C.Cr.P. art. 851(3); State v. Gibson, 323 So.2d 446 (La.1975). A trial judge is afforded much discretion in granting or denying a motion for a new trial based on newly discovered evidence. State v. Prudholm, 446 So.2d 729 (La. 1984).
The only new evidence adduced at the motion for a new trial was the affidavit signed by Frith, which stated that Posey had not been involved in the burglary. However, at the hearing, Frith repudiated his affidavit and reaffirmed his original testimony inculpating defendant. If Frith had not denied the contents of his affidavit, there would have been a conflict in evidence to lend weight to Posey's claim. In that case, the trial court could still have denied the motion on the basis of a credibility call. Recantations are highly suspicious and, except in rare circumstances, a motion for a new trial should not be granted on the basis of a recantation. State v. Clayton, 427 So.2d 827 (La.1982); State v. Prudholm, supra. However, Frith actually reaffirmed his original trial testimony; based on Frith's reaffirmation, we have no difficulty in concluding that the trial court did not abuse its discretion. It is not an abuse of the trial court's discretion to deny a motion for new trial when a written recantation is later repudiated at the hearing on the motion. See State v. James, 490 So.2d 616 (La.App.2d Cir.1986); State v. Holland, 544 So.2d 461 (La.App.2d Cir.1989). Accordingly, this assignment is without merit.
Defendant does not assign as error but mentions in brief that the record of the sentencing proceedings "clearly reveals" that prior to sentencing and ruling on the motion, Deputy Thornton had a conference with the trial judge and this conference clearly prejudiced the trial court. After a review of the record, we find that the record does not "clearly reveal" that Thornton and the trial judge had such a conference. Furthermore, defendant does not allege how he was prejudiced by such a conference, especially since Thornton testified at the hearing and was cross-examined by defendant's attorney. This allegation is without merit.

ASSIGNMENT OF ERROR # 2
By this assignment of error, defendant contends that, in light of the nature of the offense, his past conduct, and the weight and sufficiency of the evidence adduced against him, the trial court imposed an excessive sentence.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-tiered. LSA-C.Cr.P. art. 894.1 *882 sets forth items which should be considered by the sentencing judge before imposing sentence. First, the record must show that the sentencing judge took cognizance of the criteria set forth in C.Cr.P. art. 894.1. The judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983). The articulation of the factual basis for a sentence is the goal of C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir.1988), writ denied 521 So.2d 1143 (La.1988).
In imposing sentence, the judge considered letters written by law enforcement officials on Posey's behalf requesting leniency. She noted that Posey's parents are "good people" and that defendant has always farmed with his father. The judge also noted that defendant committed a serious offense that could have caused bodily harm to the victims, who were his friends and neighbors. She stated that defendant has had problems with drugs in the past and has been convicted of several minor offenses. The judge noted that defendant still shows no remorse for his crime. According to the judge, it would be an insult to justice and unfair to allow defendant probation while sentencing his co-defendant, Frith, to three years at hard labor. There was adequate compliance with art. 894.1.
Posey contends that the weight and sufficiency of the evidence against him should have been a sentencing factor. In Posey's first appeal, he contested the sufficiency of the evidence adduced against him and we found that the evidence was sufficient to prove he committed the offense beyond a reasonable doubt, in the light most favorable to the prosecution. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Therefore, the sufficiency of the evidence has little mitigating weight insofar as sentencing is concerned.
The second tier is constitutional excessiveness. A sentence violates LSA-Const. Art. I, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983).
The maximum penalty for simple burglary is a prison term of 12 years at hard labor and a fine of $2,000. The trial court imposed a two year sentence at hard labor; it also fined Posey $500, ordered him to pay $162.50 in restitution to the victim, $300 to the Indigent Defender Board, and all court costs. In default of these payments, the court ordered Posey to serve six months at hard labor. According to the presentence investigation report, this is defendant's first felony offense. However, he has three counts of felony theft and one count of misdemeanor theft pending against him. The trial court expressly considered the seriousness of the offense and the possibility that the victims could have been hurt. Under the circumstances of this case, we cannot say the trial court abused its discretion in imposing the two year hard labor sentence and $500 fine. It does not shock our sense of justice. This argument does not present reversible error.
We have reviewed the record for errors patent under LSA-C.Cr.P. art. 920(2) and find two errors.
First, a review of the record shows that the court intended any default time to be served at hard labor. Requiring the *883 default time to be served at hard labor constitutes an illegal sentence and is error patent. LSA-C.Cr.P. art. 884 provides for imprisonment for default of fine or costs. It does not provide for imprisonment at hard labor. See State v. Richardson, 545 So.2d 714 (La.App.2d Cir.1989); State v. Tyler, 544 So.2d 495 (La.App.2d Cir.1989). The sentence is accordingly corrected to reflect that any default time be served without hard labor. LSA-C.Cr.P. art. 882.
Second, LSA-C.Cr.P. articles 895 and 895.1 authorize restitution and payment to the indigent defender program as a condition of probation only when the trial court suspends the imposition or execution of sentence. State v. Fluitt, 482 So.2d 906 (La.App.2d Cir.1986); State v. Starks, 471 So.2d 1029 (La.App.1st Cir.1985). In this case, the trial court did not suspend the two year hard labor sentence. For this reason, the portion of the sentence ordering restitution and payment to the indigent defender program is illegal. Therefore, we further correct the sentence to delete that portion ordering restitution and payment to the indigent defender program. C.Cr.P. art. 882. In all other respects, the conviction, the denial of the motion for a new trial and the sentence, as corrected, are affirmed.
CONVICTION AFFIRMED; SENTENCE CORRECTED AND AFFIRMED.

ON APPLICATION FOR REHEARING
Before SEXTON, NORRIS, HIGHTOWER, FRED W. JONES, Jr. and LINDSAY, JJ.
Rehearing denied.