624 So.2d 1260 (1993)
STATE of Louisiana, Appellee,
v.
Duncan Eric ROBINSON, Appellant.
No. 25134-KA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1993.
Rehearing Denied October 21, 1993.
*1262 Bobby Culpepper, Jonesboro, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Robert W. Levy, Dist. Atty. and Stephen K. Hearn, Jr., Ruston, for appellee.
Before MARVIN, HIGHTOWER and STEWART, JJ.
HIGHTOWER, Judge.
A jury found Duncan Robinson guilty as charged of distribution of a substance falsely represented to be cocaine, LSA-R.S. 40:971.1. After considering the pre-sentence investigation report, the trial court imposed a two-year term of hard labor incarceration. Relying upon seven of his twelve assignments of error, defendant now appeals. For the reasons expressed herein, we affirm the conviction and sentence.

FACTS
On the afternoon of March 14, 1990, Donald Fields, a confidential informant ("CI") for the Lincoln Parish Sheriff's Department, drove into a Ruston neighborhood to make a controlled purchase of cocaine. Previously searched by the law enforcement officers, he retained only a marked twenty dollar bill. Shortly, a young man approached to ask what the driver needed. After Fields indicated his desire to buy a "twenty cent rock," the messenger instructed him to wait while he summoned "Yellow." Momentarily, another individual, presumably "Yellow," arrived and offered to supply anything required. The CI then repeated his request for a "rock." The apparent street merchant, stating he had "some good stuff" and would be in the area if more should be needed later, produced a small, whitish-yellow pellet which he exchanged for Fields's marked currency.
Immediately thereafter, the informant telephoned waiting deputies with details of the seller's clothing and physical appearance. Within minutes, officers proceeded to the crime scene where they discovered Robinson, matching the given description and previously known to them as "Yellow." Deputy Joey Davidson's consensual search of defendant produced the marked twenty dollar bill from a pants pocket. Additionally, the serial number of the note duplicated a xeroxed copy of the item previously possessed by the informant.
Laboratory analysis revealed that the whitish-yellow rock, relinquished by the informant to the sheriff's department, contained no controlled dangerous substances. Consequently, the district attorney charged Robinson with distribution of a falsely represented CDS, LSA-R.S. 40:971.1. The jury later returned a verdict of guilty, and this appeal ensued.

*1263 DISCUSSION

Assignments of Error Nos. 1 and 2
In his first and second assignments, defendant complains that disclosure of the CI's identity did not transpire until the first day of trial and, that notwithstanding, the court denied a motion for continuance.
At the beginning of trial on February 6, 1992, defendant moved for a continuance, arguing that only a few minutes earlier the state had complied with a January 31, 1992 order to disclose the identity of the CI, and that prejudice would result should the defense be forced to proceed.
Of course, LSA-C.Cr.P. Art. 712 commits a motion for continuance to the sound discretion of the trial judge, and his ruling will not be disturbed on appeal absent a showing of abuse and specific prejudice. State v. Williams, 605 So.2d 686 (La.App. 2d Cir.1992), writ denied, 612 So.2d 66 (La. 1993), and authorities therein. This specific prejudice requirement may be disregarded only where the time allowed defense counsel to prepare is so minimal that the "fairness" of the proceeding becomes questionable. Id.
We initially note that the "Motion to Reveal Identity of Confidential Informant," filed January 31, 1992, expressly mentioned the informant, Donald Fields, by name. Clearly, such identity having been known considerably in advance of trial, no prejudice resulted from the "withholding" of this information. As the trial court observed, defendant could have, but did not, request specific data immediately upon the granting of the motion. Of greater importance, however, defense counsel thoroughly cross-examined Fields at trial. Thus, the record fails to demonstrate any resultant prejudice or unfairness. These two assignments of error lack merit.

Assignment of Error No. 4
Next, defendant contends that the trial court should have excused one of the prospective jurors, Barbara Land, for cause based on her admitted friendship with several members of the district attorney's office.
A prospective juror's friendship with one or more district attorneys will disqualify jury service only if it is reasonable to conclude that the relationship would influence the veniremember in arriving at a verdict. LSA-C.Cr.P. Art. 797(3); State v. Johnson, 595 So.2d 789 (La.App. 2d Cir. 1992). The trial court is vested with broad discretion in ruling on a challenge for cause, and its ruling will not be disturbed on appeal absent a showing of abuse. State v. Essex, 618 So.2d 659 (La.App. 2d Cir.1993).
In the matter sub judice, Land claimed an acquaintance with a number of the local assistant district attorneys. However, the individual whom she knew best did not participate in the prosecution of the case. Furthermore, expressing a willing ability to accept the law, she strongly indicated that the discussed relationships would not affect her verdict. Based on the evidence, Land stated, she could return an acquittal without harboring concerns about her friendships. Thus, the district judge did not abuse his broad discretion by refusing to excuse this prospective juror for cause. Cf. State v. Johnson, supra.
Quite importantly, too, defendant demonstrated no prejudice resulting from the denial of this challenge. Although the state accepted Land as the alternate juror, the defense's final peremptory exclusion removed her from that position. Thereafter, the next called veniremember served in that capacity but apparently did not participate in deliberations. No other portrayal of prejudice has been forthcoming. Accordingly, this assignment of error lacks merit.

Assignment of Error No. 7
In another assignment, it is complained that the trial court disallowed questions to Fields concerning his income taxes.
After eliciting that the CI received small cash reimbursements for his services, defendant asked if the payments had been reported on tax returns. When the prosecution leveled a relevancy objection, defense counsel responded that such information would facilitate the issuance of a subpoena for documents verifying the amounts involved. *1264 The trial court sustained the objection.
Although now assigning this as error, Robinson neglected to contemporaneously object to the court's ruling at trial. Hence, he may not so complain on appeal. LSA-C.Cr.P. Art. 841; State v. Brown, 552 So.2d 612 (La.App. 2d Cir.1989), writ denied, 558 So.2d 581 (La.1990). Moreover, on redirect examination, the state fully established Fields's motives to be unrelated to the payments involved. Thereafter, on recross, the defense declined to explore the subject further.
This assignment of error is meritless.

Assignment of Error No. 8
Curiously, this assignment complains that the trial court allowed redirect examination of Fields about his motivation, a subject which the defense previously desired to scrutinize. Concluding that cross-examination "opened the door" on the topic, the district judge overruled the defendant's relevancy objection.
Of course, those matters covered on cross-examination, and others in the court's discretion, may be explored on redirect. LSA-C.E. Art. 611(D). Absent abuse of that broad discretion, a trial court ruling in that regard will not be disturbed on appeal. State v. Combs, 600 So.2d 751 (La.App. 2d Cir.1992), writ denied, 604 So.2d 973 (La. 1992), and authorities therein. When, during cross-examination, defendant broached the subject of the informant's motivation, this became a proper field for redirect. This assignment of error lacks merit.

Assignments of Error No. 11
Defendant next asserts that the trial court erred in denying his post-verdict motion for acquittal[1], filed pursuant to LSA-C.Cr.P. Art. 821 and challenging the sufficiency of the evidence.
The criteria for evaluating sufficiency of evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all elements of the crime proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Washington, 597 So.2d 1084 (La.App. 2d Cir.1992). That standard, initially enunciated in Jackson, and now legislatively embodied within LSA-C.Cr.P. Art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La.1983); State v. Perry, 612 So.2d 986 (La.App. 2d Cir.1993).
LSA-R.S. 40:971.1 declares it to be unlawful for any person to produce, manufacture, distribute or dispense any substance which is falsely represented to be a controlled dangerous substance. As discussed above, after entering the Ruston neighborhood, Fields stated his desire to purchase cocaine. In response to this request, "Yellow" sold the informant "some good stuff" for twenty dollars. Thereafter, law enforcement officers arrested the individual matching the description provided by the CI and recovered the marked bill used in the transaction. In the courtroom, Fields identified that person, defendant, as the vendor of the substance.
At trial, defense counsel argued that these facts failed to satisfy the requisite burden of proof, in that only one individual witnessed the purchase. However, it is clearly the function of the judge or jury to assess credibility and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied, 617 So.2d 905 (La.1993); State v. Bonnett, 524 So.2d 932 (La.App. 2d Cir.1988), writ denied, 532 So.2d 148 (La.1988). Where the trier of fact has made a rational determination, an appellate court should not disturb it. State v. Mussall, 523 So.2d 1305 (La.1988). More specifically, in the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the fact-trier, is sufficient support for the requisite factual conclusion. State v. Reaves, 569 So.2d 650 (La.App. 2d Cir.1990), writ denied, 576 So.2d 25 (La. *1265 1991); State v. Shepherd, 566 So.2d 1127 (La.App. 2d Cir.1990).
Certainly, when viewed in the light most favorable to the prosecution, the record permits a rational juror to find beyond a reasonable doubt that defendant sold Fields a substance falsely represented as cocaine. Hence, this assignment also lacks merit.

Assignment of Error No. 12
Finally, defendant maintains that the trial court erred in denying his motion for new trial. Although failing to make his complaints specific in appellate brief, he attacked several aspects of the trial in his motion, which we will now examine.
The new trial motion first asserted the verdict to be contrary to the law and evidence. See LSA-C.Cr.P. Art. 851(1). In response to that contention, only the weight of the evidence may be reviewed by the district judge. State v. Thomas, supra; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). Moreover, the refusal to grant such a motion is not subject to appellate review. LSA-C.Cr.P. Art. 858; State v. Korman, supra. In any event, defendant's position centers around the question of sufficiency of evidence, an issue that properly should be posed by a motion for post-verdict acquittal. See LSA-C.Cr.P. Art. 821. Here, of course, that procedural device proved unsuccessful as explained above.
Next, the new trial motion questioned the court's ruling on the motion for continuance and the cause challenge against prospective juror Barbara Land. As previously discussed, the trial judge did not err in these respects.
The new trial motion also challenged the court's exclusion of alibi evidence. During presentation of the defense, counsel began questioning a witness concerning the accused's whereabouts on the date of the purported drug transaction. Objecting, the state specified receiving no notice of intent to offer an alibi, as required under LSA-C.Cr.P. Art. 727. Conceding his failure to provide any answer to the earlier discovery demand, defendant's attorney explained that he planned to offer evidence of mistaken identity rather than alibi. Then, premised on defense assurances this could be accomplished without addressing Robinson's location during the offense, the trial court permitted such questioning to proceed. Despite that agreement, defendant now claims to have been prejudiced by the ruling.
In determining whether a trial court properly exercises its discretion to exclude undisclosed alibi evidence, these elements should be considered:
(1) the amount of prejudice resulting from the failure to disclose;
(2) the reason for nondisclosure;
(3) the extent to which subsequent events mitigated any harm caused by nondisclosure;
(4) the weight of properly admitted evidence supporting the defendant's guilt; and
(5) other relevant factors rising out of the circumstances of the case.
State v. Brown, 414 So.2d 689, 698 (La.1982); State v. McKinney, 537 So.2d 762, 763 (La. App. 2d Cir.1989).
Here, Robinson's failure to comply with discovery prevented the state from securing witnesses to refute a possible alibi. After offering no excuse for such nondisclosure, the accused merely stated his intention to pursue another defense. Several witnesses then testified that an individual, other than Robinson, residing in the neighborhood and using the name "Yellow," had been present on the day in question. Indeed, they recalled observing the deputies search this man before stopping defendant. Their version of events, however, directly contradicted that of the officers who claimed to have detained only Robinson on the date of the investigation. Eventually, the jury chose to believe the deputies' statements. Hence, the mistaken identity strategy proved unsuccessful against the enormous weight of evidence favoring conviction, including the finding of the marked twenty dollar bill on the accused's person within minutes after the transaction. Plainly, upon reviewing the previously enumerated factors, it cannot be said *1266 that the court abused its discretion in excluding the alibi evidence.
Also, within his new trial motion, defendant claimed his retained lawyer's failure to comply with the state's discovery constituted ineffective assistance. Of course, such an assertion against an attorney should more properly be raised by application for post-conviction relief. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Shepherd, supra. Nevertheless, if the record contains sufficient evidence pertaining to the issue, the matter may be resolved on direct appeal in the interest of judicial economy. State v. Shepherd, supra.
In alleging ineffective assistance of counsel, a defendant must satisfy a two-pronged test by showing, first, his attorney's performance to be so deficient as to deny him the "counsel" guaranteed by the Sixth Amendment; and, second, that those errors are so serious as to deprive the accused of a fair trial, i.e., one with a reliable result. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail under the Strickland test, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. State v. Wry, 591 So.2d 774 (La.App. 2d Cir.1991); Knighton v. Maggio, 740 F.2d 1344 (5th Cir.1984). There is a strong presumption that the conduct of counsel falls within the wide range of reasonable professional assistance. Strickland, supra; State v. Wry, supra.
Although claiming to have been prejudiced by an inability to present alibi evidence, Robinson has never asserted what testimony his witnesses would have provided on the subject, given the opportunity. Indeed, at trial, he contended his defense consisted of mistaken identity rather than alibi. Later, after alleging ineffective assistance, he failed to demonstrate any probability that the averred errors by his attorney changed the result at trial. Cf. State v. Williams, 464 So.2d 451 (La.App. 1st Cir.1985). Hence, the incompetent counsel complaint falters before the Strickland test.
Having addressed the various assertions, we now turn to the new trial motion itself. The decision on such a pleading rests within the sound discretion of the trial judge, and his ruling will not be disturbed on appeal absent a clear showing of abuse. State v. Harris, 597 So.2d 163 (La.App. 2d Cir.1992). The merits of a new trial motion must be viewed with extreme caution in the interest of preserving the finality of judgments. As a general rule, a motion for new trial will be denied unless injustice has been done. LSA-C.Cr.P. Art. 851; State v. Harris, supra. In the present matter, we concur in the district court determination that a new trial is not warranted. Therefore, this assignment of error lacks merit.

Assignments of Error Nos. 3, 5, 6, 9, and 10
Initially, Robinson also assigned errors concerning two other prospective jurors, a motion in limine, a motion for directed verdict[2], and cross-examination of a defense witness. His appellate brief, however, does not address these contentions. Assignments of error neither briefed nor argued are considered abandoned. URCA Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989), writ denied, 558 So.2d 1123 (La. 1990).

CONCLUSION
Accordingly, for the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.

APPLICATION FOR REHEARING
Before MARVIN, SEXTON, LINDSAY, HIGHTOWER and STEWART, JJ.
Rehearing denied.
NOTES
[1] Defendant's motion for judgment of acquittal is technically deficient, stating that the evidence is insufficient to support a "conviction of first degree murder." Nonetheless, his argument on appeal properly addresses the verdict actually rendered by the jury.
[2] As his ninth assignment of error, defendant asserts that the trial court erred in denying his motion for directed verdict. Although he groups this complaint, in brief, with the allegation concerning the denial of the motion for post-verdict acquittal, he argued only the latter.