631 So.2d 22 (1994)
STATE of Louisiana, Appellee,
v.
Louis BUTLER, Appellant.
No. 25563-KA.
Court of Appeal of Louisiana, Second Circuit.
January 19, 1994.
*24 Neil Dixon, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Paul J. Carmouche, Dist. Atty., John Ford McWilliams, Tommy J. Johnson, Asst. Dist. Atty., for appellee.
Before SEXTON, HIGHTOWER and VICTORY, JJ.
VICTORY, Judge.
Defendant, Louis Butler, was tried by jury and found guilty of possession of cocaine in excess of 28 grams in violation of LSA-R.S. 40:967(F)(1)(A). Sentenced to fifteen years at hard labor, the first five of which to be served without benefit of parole, probation or suspension of sentence, defendant appeals, urging nine assignments of error. We affirm.

FACTS
On April 19, 1992, Officer Vishnefski of the Shreveport Police Department pulled over a car after observing the improperly licensed vehicle make an illegal right turn. After he questioned the driver, who failed to produce a driver's license but verbally identified himself as Louis Butler, and as he examined the windshield for a missing inspection sticker, Officer Vishnefski observed an open container of alcohol and a bag with cash protruding from it on the driver's side floor board. Upon feeling the outside of the bag to determine if it contained a weapon, the officer detected a hard object in the bottom of the bag. When Vishnefski, who had been patrolling alone, attempted to place Butler in the police car for safety reasons in order to write the traffic citations, Butler ran from the scene. The abandoned car was inventoried before being impounded, and a large amount of crack cocaine and cash, as well as a digital weight scale, were recovered. Pursuant to a warrant, Butler was arrested several days later.

ASSIGNMENT NO. 1
In this assignment of error, defendant asserts that the trial court erred in denying his motion for continuance. The defendant was originally represented by Alan *25 Golden of the Indigent Defender Office, which was appointed on April 29, 1992. From April 29 until August 24, 1992, the defendant personally appeared in court on six occasions with Mr. Golden. On August 24, 1992, the case was set for a September 21, 1992, trial date. However, the defendant's family contacted Mr. Neil Dixon on the morning of trial to represent him in the event a continuance was obtained. When the case was called to trial, Dixon sought a continuance, citing the lack of time to prepare for trial. Ms. Pam Smart of the Indigent Defender's Office further requested a continuance on the ground that defendant's file had been transferred to her only two weeks prior to trial. After oral argument and testimony from Golden and the defendant, the trial court denied the motion for a continuance and recessed until the next morning in order to allow Dixon and Smart time to decide how to proceed. On September 22, 1992, at the defendant's request, the Indigent Defender's Office withdrew from the case, and Dixon proceeded to trial as attorney of record.
LSA-C.Cr.P. Art. 712 commits a motion for continuance to the sound discretion of the trial judge, and his ruling will not be disturbed on appeal absent a showing of abuse and specific prejudice. State v. Robinson, 624 So.2d 1260 (La.App. 2d Cir.1993); State v. Williams, 605 So.2d 686 (La.App. 2d Cir.1992), writ denied, 612 So.2d 66 (La. 1993). This specific prejudice requirement may be disregarded only where the time allowed defense counsel to prepare is so minimal that the "fairness" of the proceeding becomes questionable. Id., supra.
In the instant case, the record reveals neither abuse of discretion nor specific prejudice. At the hearing on the motion, Golden testified discovery was completed and the case was ready for trial on June 18, 1992. The defendant benefited from representation by Golden for five months. Despite being assigned the case two weeks prior to trial, Ms. Smart had ample time to consult with Golden about the completed file and prepare for trial.
The defendant chose to proceed with his retained attorney even though he knew the trial court would not grant a continuance. The trial court correctly ruled that the defendant cannot obtain a delay by discharging or replacing his previous counsel at the last minute and then claiming his new counsel has had insufficient time to prepare. The right to choose one's counsel cannot be used to obstruct the orderly procedure of the court. State v. Hall, 549 So.2d 373 (La.App. 2d Cir.1989), writ denied, 556 So.2d 1259; State v. Brooks, 431 So.2d 865, 868 (La.App. 2d Cir.1983). This assignment of error is without merit.

ASSIGNMENT NO. 2
The defendant assigns as error the trial court's denial of his Batson challenge. He argues that the prosecutor improperly used a peremptory challenge to purposefully discriminate on the basis of race.
A peremptory challenge by the state shall not be based solely on the basis of the race of the juror. LSA-C.Cr.P. Art. 795(C); Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In order to establish a prima facie case of race-based discrimination in the state's use of peremptory exceptions, the defendant must show: (1) that he is a member of a cognizable racial group; and (2) facts and relevant circumstances which indicate that the state exercised peremptory challenges to exclude jurors on the basis of race. If the defendant makes the prima facie showing, the burden shifts to the state to come forward with racially neutral explanations for challenging the black jurors. For a more detailed discussion of Batson and its requirements, see State v. Mims, 505 So.2d 747 (La.App. 2d Cir.1987).
Examination of the record indicates that the state exercised peremptory challenges against one black prospective juror, Daniels, and two white prospective jurors. The jury was ultimately composed of seven whites and five blacks.
The trial court found that the defendant had not made a prima facie showing of discrimination. Nevertheless, the assistant district attorney explained that when asked on a questionnaire whether any of his close friends or relatives had been convicted of a *26 crime, Daniels answered negatively. However, on voir dire, Daniels responded to this question affirmatively. The state's attorney explained that he exercised a challenge on Daniels because of his inconsistent answers and because he believed that Daniels might have reservations about the criminal justice system. The trial court found that the state's explanation was a sufficient, racially neutral explanation of its peremptory challenge. The record clearly supports the trial court ruling. This assignment has no merit.

ASSIGNMENT NOS. 3, 4 and 6
In these assignments of error, the defendant asserts that the trial court allowed irrelevant and prejudicial testimony and evidence. Specifically, he complains that: (1) Officer Vishnefski was allowed to testify that the area in which the traffic stop occurred, Allendale, is a high crime area; (2) Officer Vishnefski was allowed to testify concerning an affidavit and oath he had previously given in order to obtain an arrest warrant for the defendant; and (3) the introduction of the Miranda card which the defendant refused to sign was irrelevant and prejudicial.
LSA-C.E. Art. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Article 402 generally provides for the admissibility of all relevant evidence unless legislatively or constitutionally prohibited.
A trial judge is vested with wide discretion in determining relevancy of evidence; his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. Miles, 402 So.2d 644 (La.1981); State v. Brown, 467 So.2d 1151 (La.App. 2d Cir.) writ denied, 474 So.2d 945 (1985).
The testimony concerning the reputation of the neighborhood, although perhaps marginally relevant to the initial traffic stop, tends to confirm Vishnefski's concern, and thus his actions, for his safety and the impoundment of the vehicle once the drug money and the hard object in the bag were discovered. Further, the testimony concerning the affidavit, oath, and unsigned Miranda card has not been shown to be prejudicial. No special emphasis was placed on the officer's actions other than to relate that an arrest warrant was obtained. The statements contained in his affidavit for the warrant were not read to the jury. The introduction of the Miranda card simply demonstrated routine police procedure following the arrest and that the defendant was properly advised of his rights. These assignments of error are meritless.

ASSIGNMENT NO. 5
Defendant asserts in this assignment of error that the trial court erred in admitting State's Exhibits 8-19 which he contends were obtained through an illegal search and seizure. Defendant argues that it was impermissible for Vishnefski to use a routine traffic stop to search the car for drugs.
When a warrantless search occurs, the state has the burden of showing the search was justified as an exception to the warrant requirement of the Fourth Amendment. One such exception is an inventory search.
Under the inventory search exception, the state must show that impoundment was necessary and that the inventory was necessary and reasonable in its scope. State v. Sims, 426 So.2d 148 (La.1983); State v. Crosby, 403 So.2d 1217 (La.1981); State v. Daniels, 614 So.2d 97 (La.App. 2d Cir.1993); State v. Tucker, 591 So.2d 1208, 1217 (La. App. 2d Cir.1991), writ denied, 594 So.2d 1317 (La.1992). When a car is impounded, standard police procedure in making a reasonable inventory search to preserve a car owner's property does not constitute an unreasonable search. State v. LaRue, 368 So.2d 1048 (La.1979).
When the defendant fled the scene of the traffic stop, he abandoned the vehicle in the middle of the street. Officer Vishnefski chased the subject for a short time, but broke off the pursuit when he noticed a crowd gathering around the unattended vehicle. Faced with the abandonment of a vehicle in a high crime area with cash easily seen through the window, an expired temporary license plate, no visible inspection sticker, documentary evidence of ownership in a *27 name other than the defendant's and expired insurance information in yet a different name, Officer Vishnefski properly decided to impound the vehicle. As a part of that process, standard police procedures dictated that an inventory of the vehicle and its contents be taken.
Given the totality of these circumstances, we find that the search and seizure clearly falls within the inventory exception to the warrant requirement.[1] Thus, there was no error in the trial court's admission of State's Exhibits 8-19. This assignment of error lacks merit.

ASSIGNMENT NO. 7
Appellant's seventh assignment of error asserts that the state submitted improper rebuttal testimony from Officer Vishnefski. Specifically, the officer was allowed to repeat three aspects of his earlier testimony: (1) that the defendant did not have a driver's license at the time of the traffic stop; (2) that the defendant provided the officer his name at the time of the stop; and (3) that the person the officer stopped had a rough beard and mustache.
Rebuttal evidence is that which is offered to explain, repel, counteract, or disprove facts given in evidence by the adverse party. State v. Huizar, 414 So.2d 741 (La. 1982); State v. Widenhouse, 582 So.2d 1374 (La.App. 2d Cir.1991), writ denied, 586 So.2d 567, cert. denied, ___ U.S. ___, 112 S.Ct. 1274, 117 L.Ed.2d 500.
Although the trial court's allowance of this repetitive testimony was arguably improper, we do not find that it is substantially prejudicial so as to warrant a reversal. Cf. State v. Davis, 164 So.2d 589 (La.1964). As previously noted, the jury had already heard exactly the same evidence in the state's case in chief, and the defendant's evidence tending to rebut it. We cannot say that merely repeating this evidence prejudiced the defendant in the minds of the jury. This assignment is without merit.

ASSIGNMENT NOS. 8 & 9
In these assignments of error, the defendant claims the trial judge erred by considering prior arrests and unresolved charges as aggravating factors in sentencing him to an excessive sentence. The record, however, does not contain a motion to reconsider sentence, as necessitated by LSA-C.Cr.P. Art. 881.1. That article, applicable 30 days following the effective date of the new sentencing guidelines (January 1, 1992, per Louisiana Register 17:12), precludes "the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." Here, failing to comply with that provision following his sentencing on April 23, 1993, defendant is barred from presenting a claim of excessiveness. See State v. Bush, 604 So.2d 1383 (La.App. 2d Cir.1992).

ERROR PATENT
Upon review, we note that the sentencing judge failed to give defendant credit for time served. LSA-C.Cr.P. Art. 880. Accordingly, we amend to allow defendant such credit. State v. Hughes, 587 So.2d 31 (La.App. 2d Cir.1991), writ denied, 590 So.2d 1197 (La. 1992); State v. Allen, 571 So.2d 758 (La.App. 2d Cir.1990).

DECREE
For the reasons stated, the defendant's conviction is affirmed. The trial court's sentence is amended to give the defendant credit for time served, and as amended, affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] We do not mean to imply that other exceptions to the warrant requirement might not also be applicable to this case.