641 So.2d 1074 (1994)
STATE of Louisiana, Appellee,
v.
Larry HAYGOOD a/k/a Charles Larry Haygood, Appellant.
No. 26102-KA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1994.
*1076 Teat & Avery by Darrell R. Avery, Jonesboro, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Walter E. May, Dist. Atty., Douglas L. Stokes, Jr., Asst. Dist. Atty., Jonesboro, for appellee.
Before MARVIN, SEXTON and HIGHTOWER, JJ.
HIGHTOWER, Judge.
In response to a charge of possession of crack cocaine, LSA-R.S. 40:967(C)(2), a jury found Larry Haygood guilty of the lesser included offense of attempt, LSA-R.S. 40:979(A). Sentenced to a twenty-month prison term, defendant now presents various assignments of error. We affirm.

FACTS
At about 1:00 a.m. on May 23, 1992, while officers of the Jackson Parish Sheriff's Office and the Jonesboro Police Department searched the mobile home of Danny Ponder seeking some "missing pills" stolen in a burglary, two pickups entered the long driveway there. One of the drivers, Mark Burks, who had been returning Ponder's vehicle, parked near the highway situated approximately 300 feet from the trailer, before approaching the other truck driven by Haygood. When an officer requested that the parked vehicle be moved closer to the residence and out of the way, however, Burks complied and then returned to the waiting conveyance.
As Haygood began to back out, Deputy Trosclair asked the other officers about the identity of the two men in the truck. Upon learning their names and realizing Burks might possess information related to the burglary investigation (which had apparently centered on a person known as Jerry McBride), the deputy walked up the driveway and, motioning with his flashlight, yelled for the pair to return. Although already nearing the highway, defendant pulled forward upon hearing someone's voice. Nevertheless, when the officer quit waving as the vehicle advanced, the driver could discern no other signals and, accordingly, resumed his departure. Moments later, after seeing the flashlight, Haygood again returned and then stopped.
Burks quickly exited and walked twenty-five to thirty feet away to talk to Deputy Brown, another investigator. Trosclair then began conferring with the driver, while two Jonesboro officers stood near the opposite side of the truck exchanging pleasantries with Haygood. When the conversation revealed an inconsistency about how long the pair (Burks and Haygood) had been together that night, Officer Horton directed a flashlight beam inside the vehicle and noticed *1077 defendant trying to hide a film canister under the seat cover. After the officer called Trosclair aside and informed him about this observation, the deputy returned to the pickup and asked permission to conduct a search. Upon receiving oral consent, he pulled back a loose segment of the seat covering to reveal a small container enclosing two rocks of crack cocaine and, wrapped in brown paper, two pipes of the type commonly used for smoking the illegal substance.
Charged as previously indicated, defendant filed a motion to suppress the evidence seized from his truck. After the trial court denied that request, a jury convicted Haygood of the lesser included offense of attempted possession of the cocaine. Following imposition of sentence, he instituted this appeal.

DISCUSSION

SEARCH AND SEIZURE
Defendant initially asserts that the trial court erred by denying his motion to suppress. He contends that the police acted without reasonable suspicion to stop him, thus, vitiating his consent to search the truck. We disagree.
Both the Fourth Amendment to the Federal Constitution and Article 1, Section 5 of the Louisiana Constitution prohibit "unreasonable" searches and seizures, but do not proscribe voluntary cooperation. Further, these provisions are not intended to eliminate all contact between law enforcement officers and citizens. See Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); State v. Shy, 373 So.2d 145 (La.1979); State v. Ponder, 607 So.2d 857 (La.App. 2d Cir.1992).
Probable cause or reasonable suspicion are not required each time officers attempt to converse with a citizen. The mere fact that police approach and address a person does not compel that individual to respond to the inquiries or comply with the requests. Legally, nothing prevents him from choosing not to answer and leaving the scene. State v. Neyrey, 383 So.2d 1222 (La. 1979); State v. Desormeaux, 569 So.2d 283 (La.App. 2d Cir.1990). Despite the fact that unsolicited assistance, unasked-for conversation, and unrequested advice are not always welcome, the Constitution provides no protection against such everyday annoyances whether caused by a policeman or an ordinary citizen. State v. Neyrey, supra. Mere police questioning does not constitute a seizure. Florida v. Bostick, supra; I.N.S. v. Delgado, 466 U.S. 210, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984).
Consequently, it must be decided here if a "seizure" resulted when the officer directed defendant and his passenger to return to the driveway and, thereafter, asked certain questions regarding a suspect possibly known by both occupants of the truck. The critical aspect turns upon whether a reasonable person would feel free to decline the requests or otherwise terminate the encounter. Florida v. Bostick, supra. Put another way, taking into account all the surrounding circumstances, the court must determine whether the law enforcement conduct would have communicated to a reasonable person that he was not at liberty to disregard the police and go about his business. Florida v. Bostick, supra; State v. Ponder, supra. Although most citizens respond to a police solicitation, and do so without being told they are free to decline, that fact hardly eliminates the consensual nature of the response. I.N.S. v. Delgado, supra.
The record before us convincingly shows defendant's encounter with the police officers to be consensual and requiring no reasonable suspicion. Although Haygood says the presence of four or five police cars intimidated him and prompted a feeling that he would not be free simply to leave after being signaled back into the driveway, his subjective belief is irrelevant. Cf. Florida v. Bostick, supra; State v. Ponder, supra. The encounter should be judged from the viewpoint of a reasonable, innocent person. Florida v. Bostick, supra. Deputy Trosclair's requests and motions, recalling the truck down the extended driveway, transpired merely in an effort to have the two individuals answer a few questions about Jerry McBride, possibly aiding the ongoing investigation at the trailer home.
*1078 The request involved in the present matter is not shown to be any more intimidating than when officers, seeking to uncover any information in furtherance of their investigation, ask questions of bystanders at the scene of an accident or crime. Indeed, the situation at hand appears much less coercive than the bus encounter in Bostick. Trosclair testified that he would not have pursued the vehicle if the occupants had gone on their way. He sought only to determine if they knew anything that would facilitate recovery of the missing pills. In point of fact, one of the Jonesboro policemen knew defendant and greeted him cordially with a handshake.
The general atmosphere of the entire encounter appeared to be friendly and unobtrusive. None of the officers told Haygood or his passenger that they could not leave or threatened them in any manner if they did not cooperate. Nothing reveals coercive circumstances prior to the discovery of the cocaine. Although defendant claims the officers illegally directed their flashlight into the truck, this contention is meritless. The mere illumination of a vehicle's interior with a flashlight does not violate any rights of a defendant. State v. Thompson, 617 So.2d 956 (La.App. 4th Cir.1993), writ denied. See also State v. Hill, 618 So.2d 568 (La.App. 2d Cir.1993). Under the totality of the circumstances, we find this encounter to have been consensual and not a "seizure" under federal or state constitutional standards.
Having found that the questioning did not necessitate reasonable suspicion, we next address whether Haygood freely and voluntarily consented to the search of his truck. A consensual search is an exception to both warrant and probable cause requirements. State v. Walker, 530 So.2d 1200 (La.App. 2d Cir.1988), writ denied. Even oral consent is valid. State v. Ossey, 446 So.2d 280 (La. 1984), cert. denied; State v. Walker, supra. However, a consent to search must be given freely and voluntarily, and the burden of proof rests upon the state. Id.
The three officers near the truck testified that Haygood gave his oral consent before the search occurred. He indicated that he had nothing to hide and that they should "go ahead." We are aware that defendant and his witness, the trailer owner's son, who incredibly claimed to have been watching from the nearby bushes at the exact time involved, testified that the consent did not transpire until after the search. However, the trial judge expressly rejected this chronology and found the permission to have been given voluntarily. For these reasons, concluding that the record supports the denial of Haygood's motion to suppress, we reject this assignment of error.

HEARSAY
In his second assignment, defendant complains that the trial court allowed Deputy Trosclair, during his testimony, to relate statements made by defendant's passenger, Burks.
In explaining events leading to the discovery of the cocaine, and in showing that defendant and his passenger related dissimilar stories, Deputy Trosclair testified that Burks indicated the pair previously had been together about two hours. Deeming these statements to be part of the res geste, the trial judge overruled a hearsay objection asserted by defense counsel.
Where a law enforcement officer testifies concerning events leading to the arrest of a defendant, statements made to him by others are not hearsay if not offered for the truth of the matter asserted, but merely to explain the officer's actions. State v. Watson, 449 So.2d 1321 (La.1984), cert. denied; State v. McNair, 597 So.2d 1096 (La.App. 2d Cir.1992), writ denied. However, as explained in State v. Wille, 559 So.2d 1321 (La.1990), and State v. White, 559 So.2d 541 (La.App. 2d Cir.1990), such statements may in other circumstances constitute impermissible hearsay. Although relevant to determine the state of mind of an officer at a motion to suppress, the assertions of third parties to the police should be excluded at trial when introduced to prove the defendant's guilt. State v. Wille, supra; State v. McNair, supra; State v. White, supra.
Nevertheless, a reversal will not be warranted if, on appeal, the court finds beyond a reasonable doubt that the hearsay *1079 evidence did not contribute to the conviction. State v. Wille, supra; State v. McNair, supra. Clearly, the statements made by Deputy Trosclair did not link defendant to the cocaine eventually found in his truck and did not bear upon his guilt. Burks's disclosure merely indicated how long the men had been together earlier that day. Further, Haygood had an opportunity to cross examine the passenger. Based on the record then, we find any error in this regard to be harmless. Cf. State v. Wille, supra; State v. McNair, supra.

REBUTTAL EVIDENCE
Defendant also complains that, when Trosclair and Horton testified on rebuttal, the prosecutor elicited responses to questions asked and answered during the state's case-in-chief. Specifically, in each instance, the officers stated that the search occurred after Haygood consented, rather than before as maintained by the defense.
Rebuttal evidence is offered to explain, repel, counteract, or disprove facts given in evidence by the adverse party. State v. Butler, 25,563, 631 So.2d 22 (La.App. 2d Cir. 1/19/94), and authorities therein. Arguably, the trial court improperly admitted the repetitive testimony at issue. Cf. State v. Davis, 246 La. 383, 164 So.2d 589 (1964). Nonetheless, the evidence related only to the permission to search. With that in mind, we cannot say, nor has defendant adequately demonstrated, that the repetition of these few questions and answers prejudiced substantial rights of the accused. See LSA-C.Cr.P. Art. 921; State v. Butler, supra. This assignment lacks merit.

NEW TRIAL MOTION
In another assignment, Haygood argues that the trial court erred in denying his motion for new trial based on newly discovered evidence. We disagree.
A motion for new trial based on such grounds should be granted only when the defendant shows (1) the new evidence had been discovered after trial, (2) the failure to discover the evidence at the time of the trial had not been caused by a lack of diligence, (3) the evidence is material to the issues at trial, and (4) the evidence is of such a nature that it would probably have produced a different verdict. LSA-C.Cr.P. Art. 851(3); State v. Hammons, 597 So.2d 990 (La.1992). In ruling on such a pleading, the trial judge has much discretion. State v. Hammons, supra; State v. Robinson, 624 So.2d 1260 (La.App. 2d Cir.1993). The merits of a new trial motion should always be viewed with extreme caution in the interest of preserving the finality of judgments. As a general rule, a motion for new trial will be denied unless injustice has been done. LSA-C.Cr.P. Art. 851; State v. Robinson, supra.
Here, at the hearing on the motion, Jerry McBride testified that he saw Burks smoking crack cocaine and storing the substance in a film canister on the day of the offense. This witness further stated that, after the trial, Burks contradicted his previous testimony by admitting ownership of the contraband seized from the truck. Recantations of trial testimony are highly suspect, of course, and only in rare circumstances should a second trial be granted on that basis. State v. Frith, 561 So.2d 879 (La.App. 2d Cir.1990), writ denied. Furthermore, Burks appeared for the state at the proceeding and reiterated his prior testimony by denying that the cocaine belonged to him. He additionally stated that Haygood himself actually brought up the idea of having Burks "take the rap for him."
In denying the motion, the district judge concluded that defendant, through diligence, could have discovered McBride's knowledge prior to the conviction. That determination stemmed from the fact that the new witness is a close friend of Haygood, and the pair frequently came in contact between the time of arrest and the trial, apparently almost weekly. Also, as disclosed by the record, McBride is a convicted felon whose illicit activities resulted in defendant's involvement with the authorities. In light of all this, and especially Burks's reassertion of his original testimony, we find no abuse in the denial of the new trial motion. Cf. State v. Frith, supra.

IMPROPERLY SUBMITTED ASSIGNMENT
As the fifth assignment in his brief, defendant challenges the sufficiency of the evidence to support the conviction. However, *1080 this contention is not properly before this court.
Save patent errors, the only matters reviewable on appeal are those properly designated and assigned. LSA-C.Cr.P. Art. 920. For errors to be reviewable on appeal, the requisite procedures must be followed. See LSA-C.Cr.P. Arts. 844, 916(1)(5), 920; State v. Gene, 587 So.2d 18 (La.App. 2d Cir.1991), writ denied; State v. Woods, 444 So.2d 1332 (La.App. 2d Cir.1984). Furthermore, the proper and timely filing of assignments of error facilitates the trial court's preparation of per curiam comments and delineates the issues to be urged on appeal. LSA-C.Cr.P. Art. 844, Comment (c); State v. Lavene, 343 So.2d 185 (La.1977); State v. Gene, supra.
In the present matter, defendant filed an "Initial Assignments of Error" with the trial court. However, after the time periods accorded under LSA-C.Cr.P. 844, he submitted and briefed a different listing of his "Assignments of Error" before this court.[1] The record reveals no extension of filing periods by the trial court. Hence, Haygood having only presented the first document in the trial court in accordance with the Code of Criminal Procedure, and thus having deprived the district judge of the opportunity to prepare per curiam comments in reference to the additional contention now posed, we find the new assignment is not properly before this court for consideration.[2]

CONCLUSION
Accordingly, for the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] In his initial enumeration, defendant listed six assignments of error, comprising the first four addressed herein, together with two others not briefed. Of course, assignments neither briefed nor argued are considered abandoned. URCA Rule 12-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La. App. 2d Cir.1989), writ denied. However, his brief to this court sets forth five complaints, including insufficiency of the evidence as a new basis for reversal.
[2] Even so, in reference to similar insufficiency contentions, see, e.g., State v. Daniels, 614 So.2d 97 (La.App. 2d Cir.1993), writ denied (packages of a controlled dangerous substance found in a car near the driver supported conviction for constructive possession); State v. Tyler, 544 So.2d 495 (La.App. 2d Cir.1989) (drugs found underneath couch cushion in rear of van established constructive possession on part of driver).