I! HIGHTOWER, Judge.
Defendants, Bobby Ann Poland and Joann Kilson, each pled guilty to one count of possession of cocaine, La. R.S. 40:967(C), while reserving their rights to appeal the denial of *689 their motions to suppress. See State v. Crosby, 338 So.2d 584 (La.1976).[1] Finding their cooperation with police requests to be voluntary, we affirm.
Late in the evening of February 27, 1997, Jonesboro law enforcement officials observed an erratically driven vehicle on a road in Jackson Parish. After stopping per the police officers’ signal, the driver, Columbus Thompson, verbally consented to a search.of his ear. In furtherance of their efforts, Officers Swearingen and Jaynes asked the passengers, viz., Poland, Kilson, and another individual, to exit the automobile. Subsequently, when requested to empty their pockets in the interest of police safety, the two women relinquished pipes containing substances later confirmed to be cocaine. Prior to trial, defendants sought to have the evidence suppressed, contending that the searches and seizures violated their constitutional rights.
Even when lacking probable cause, if his “observations lead' him reasonably to suspect” that a particular person has committed, is committing, or is about to commit a crime, a police officer may detain that person briefly to investigate the suspicion-provoking circumstances. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Here, the erratic nature of Thompson’s driving sufficiently justified the stop. And, once a vehicle is stopped, officers may lawfully order passengers to exit the vehicle. Maryland v. Wilson, 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997); State v. Landry, 588 So.2d 345 (La.1991).
Thus, the issue posed in. the case sub judiee concerns whether the police officers obtained the contested evidence by way of a request or a demand. The critical aspect of that inquiry turns upon whether a reasonable person would feel free to decline the requests or otherwise terminate the encounter with the law enforcement personnel. Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); State v. Haygood, 26,102 |2(La.App.2d Cir. 08/17/94), 641 So.2d 1074, writ denied, 94-2373 (La.01/13/95), 648 So.2d 1337. Put another way, taking into account all the surrounding circumstances, the court must determine whether the police conduct would have communicated to a reasonable person that he was not at liberty to disregárd the officers and go about his business. Id. Although most citizens Will respond to a police solicitation, and do so without being told they are free to decline,, that fact hardly eliminates the consensual nature of the response. INS v. Delgado, 466 U.S. 210, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984); State v. Haygood, supra. Furthermore, a defendant’s subjective belief is irrelevant; the encounter should be judged from the viewpoint of a reasonable, innocent person. Florida v. Bostick, supra; State v. Haygood, supra.
Neither Poland nor Kilson testified at their motions to suppress. Instead, the court heard only the description of the encounter offered by Officer Swearingen. Although the defendants clearly remained less than delighted with the situation, the police made only requests regarding the contents of their pockets. Poland and Kilson freely complied. The determination of voluntariness depends upon the overall facts and circumstance of the particular case. State v. Franklin, 95-1876 (La.01/14/97), 686 So.2d 38/ On appellate review of such an issue, the trial judge’s factual determination is entitled to great weight. Id.
That being so, and finding no manifest error in the lower court’s conclusion, we affirm defendants’ convictions and sentences.
AFFIRMED.

. We have consolidated the appeals at defendants’ request.